## HUFF v. OLMSTEAD.

1. **Vendor and Vendee:** VENDOR'S LIEN: FACTS TO SUSTAIN. Plaint-
iff conveyed the land to defendant in consideration of a cash payment,
and a promise of defendant to execute a mortgage back on the land to
secure the payment of the balance of the purchase money, unless he
should sooner convey to plaintiff a good title to certain other lands in
payment of the balance. Defendant did not convey the other lands, but
he executed a mortgage and had it placed on record, differing in its
terms, however, from the one agreed on; but plaintiff did not accept the
mortgage. *Held* that plaintiff had a vendor's lien on the land conveyed
to defendant, which was properly enforced in this action.

2. **Appeal:** NO RELIEF FOR APPELLEE. One who does not appeal cannot
have a modification in this court of the judgment appealed from.

*Appeal from Warren District Court.*

MONDAY, DECEMBER 14.

ACTION in chancery to enforce a vendor's lien. There was
a decree in the district court granting the relief prayed for
in the petition. Defendant appeals.

*Parsons & Perry,* for appellant.

*Bryan & Bryan,* for appellee.

BECK, CH. J—I. The pleadings and evidence show the
following facts as we find them in the record: Plaintiff con-
veyed to defendant the lands upon which the lien
is claimed in this suit, and was to receive in part
payment therefor certain lands in Nebraska, which
were to be taken by plaintiff as payment of $1,500. The
balance of the purchase price of the land sold by the plaint-
iff was to be paid in cash. Before the land was conveyed to
defendant he discovered that there was a defect in his title to
the Nebraska lands. But it was agreed by the parties that
defendant should pay the money consideration in a manner

Huff v. Olmstead.

agreed upon; that defendant should convey to plaintiff the lands conveyed to defendant to secure the sum remaining unpaid, $1,500, within three months, unless within that time defendant should convey a good title to plaintiff of the Nebraska lands. The defendant failed to execute a mortgage in compliance with the agreement of the parties, but he did execute a mortgage which extended the time of payment of the $1,500 about seven months, and made no provision for interest, and sent it himself to the proper office for record. This mortgage the plaintiff refused to accept, or to regard as a compliance with the agreement, and so informed defendant, and he brings this action to enforce his vendor's lien for the amount of the purchase money remaining unpaid.

These are the facts, as we find them from the evidence, upon which the case is to be determined. Many other facts are disclosed in the evidence and recited in the arguments of the respective counsel, which are not in dispute, and are collateral and unimportant in the determination of the case.

II. Upon some of the controlling facts found by us, especially the agreement as to the time for payment of the $1,500, or conveyance of the Nebraska lands, there is a conflict in the evidence; but the strong preponderance of proof supports our conclusion. We are not accustomed to discuss conflicting evidence and point out the grounds for our conclusions in cases of this character.

III. There are no questions of law in this case demanding discussion. The defendant's counsel claim that, as there was no debt payable in money, and a mortgage was given, the vendor has no lien on the land. But the debt was payable in money; it was provided, however, that it could be paid by the conveyance of the Nebraska lands by defendant within a time prescribed by the agreement. This condition was not complied with, and the debt continued to be a money claim. The mortgage executed by defendant was not in accord with the agreement of the parties, and was not

accepted by plaintiff. It cannot be regarded in this action as a mortgage security for the debt.

IV. The plaintiff insists that the decree is erroneous in 2. APPEAL: that it does not provide for interest. But as he no relief for appellee. did not appeal from the decree, he cannot complain of it in this court.

A motion of plaintiff need not be considered. We reach the conclusion that the decree of the court below ought to be

AFFIRMED.