### CHARLTON v. SLOAN.

1. **Appeal:** PRACTICE: CONSULTING TRANSCRIPT. Where the parties to an appeal fail to agree upon the abstract, this court will not consult the transcript to determine the dispute, unless it is necessary for a proper disposition of the case.

2. **Partnership:** WRONG ACTS OF PARTNER: LIABILITY. Though a partner acts unwisely in incurring liabilities for the firm, the resulting loss cannot properly be charged to him personally, upon a dissolution, where it is not shown that his acts were also wanton or fraudulent.

3. **Appeal:** COMPLAINTS OF APPELLEE. The appellee, since he does not appeal, cannot in this court be heard to complain of the judgment appealed from.

*Appeal from Marshall District Court.*

FILED, DECEMBER 20, 1888.

ACTION in chancery to dissolve a partnership, and to settle its affairs. A decree to that effect was entered, and provision was made for the division of the assets of the firm. The costs incurred in the case, and the expenses made by the receiver who was appointed upon plaintiff's application to take charge of the property and business of the firm, were directed by the decree to be paid out of the money in the hands of the receiver. Plaintiff appeals.

*Brown & Carney*, for appellant.

*Caswell & Meeker*, for appellee.

BECK, J.—I. The petition alleges that plaintiff and defendant, under a written agreement, entered into a co-partnership for the sale of jewelry, books, stationery, etc. The contract is set out by copy as an exhibit to the petition. It is shown that plaintiff paid into the concern cash or its equivalent equalling the amount of the stock he was required to pay under the contract. It is alleged and charged that defendant, with the dishonest intention to defraud plaintiff, made false and "blind" entries in the books of the firm, and drew out and misapplied the money of the firm, and failed to charge himself with money appropriated to his own use, and in other matters acted dishonestly. It is also alleged that defendant, during plaintiff's absence, and without his knowledge and consent, leased at a large rent a new store-room, and thereby lost the trade and good-will of the business connected with the old stand, and that this was done after plaintiff had suggested to defendant that the business of the firm ought to be closed up, in which defendant concurred, and agreed that it should be done. It is shown that the lease cannot be disposed of or surrendered except at a loss of sixteen hundred dollars. It is alleged in the petition that defendant is indebted to plaintiff, on account of the business of the partnership, in the sum of five thousand dollars, and that defendant is in poor health, and for

that reason is incapable of managing the business of the firm. A receiver was appointed, who proceeded under the direction of the court to manage the affairs of the partnership. The defendant denies the charges of fraud, and dishonest and unfaithful management of the firm's business, and declares that he is ready and willing, and now offers, to settle the partnership business, and to account for all sums received by him from the firm, and that plaintiff has refused to settle unless defendant would pay sixteen hundred dollars, the alleged loss arising from the lease of the new store-room. The holder of the lease for the new store-room intervenes, and asks that his interest be protected by a proper decree, holding the assets of the partnership in the hands of the receiver subject to his claim. No relief is granted to him, and we are unable to say that his intervening petition was considered by the court. It is not mentioned or referred to in the decree.

II. The parties fail to agree upon the abstract; each claiming that the abstract of the other is incorrect.

1. APPEAL: practice: consulting transcript.

This disagreement requires us to refer to the transcript and original evidence, if it be necessary to a decision of the case. We conclude, however, that it is not necessary for us to examine the evidence in order to determine the precise value of the assets of the firm. This is determined by the amount of money in the hands of the receiver. It will be seen from the conclusions we announce that such determination is not required in order to reach a decision of the case.

III. In our opinion the evidence fails to support the charge of bad faith and dishonesty made by plaintiff

2. PARTNER- SHIP: wrong acts of part- ner: liability.

in the petition against defendant; and we think it is not shown that defendant wrongfully withheld from the partnership any money or property to which it was entitled. It may be that the new store-room was unwisely rented by defendant, but the act was not wanton or fraudulent, or done with any improper motive, which would render

him liable to make good to the firm or to his partner the loss resulting therefrom.

IV.  There are certain mistakes and omissions in the books of the firm affecting each of the partners, in that each was not charged with certain items which should have been charged against him.  These matters are all properly disposed of in the decree.  We think the court below correctly found the several sums drawn by the respective parties for which each is chargeable, and the amount in the receiver's hands, and the manner of its division between the parties.  The evidence and exhibits in the record amply support the findings of the court below.  We are not required to discuss this evidence and recite its purport.

V.  The intervenor is not referred to in the decree He does not appeal, nor does he appear in this court. He is not to be regarded as calling in question here the decree of the court below.

The defendant insists that the decree of the court below should have assessed all the costs against the plaintiff. But, as he has not appealed, he can have no more favoarble decree in this court than he had in the court below.  *Frost v. Parker*, 65 Iowa, 178; *Huff v. Olmstead*, 67 Iowa, 598.  We reach the conclusion that the decree of the district court ought to be

3. APPEAL: complaints of appellee.

AFFIRMED.