HENRIETTA TOEDT, Appellant, v. HENRY BOLLHOEFER, Appellee.

FEBRUARY 14, 1928.

REHEARING DENIED MAY 18, 1928.

*Henry Silwold,* for appellant.

*Campbell & Campbell,* for appellee.

STEVENS, C. J.—I. On or about December 8, 1904, appellant entered into a contract in writing with Herman P. Toedt, her son, for the sale of a tract of land in Jasper County, which  included the tract in controversy. This contract was consummated by the execution of a warranty deed, subject to the reservation of a life estate in the dwelling house and a tract of

land adjacent thereto, comprising the orchard and garden, and containing 2½ acres, with the right of occupancy thereof by the grantor for and during her lifetime, or until she yielded possession thereof.

On January 5, 1909, Herman P. Toedt and Ida, his wife, entered into a contract in writing for the sale of the same tract to the appellee. Before the date for the consummation of this contract, Herman P. Toedt died, and Ida, his surviving widow, became administratrix of his estate. On March 3, 1909, she, as administratrix, conveyed to the appellee the land described in the prior contract with him, subject "to the reservations contained in the deed from Henrietta Toedt to said Herman P. Toedt, recorded in Book 261, on page 5 of the deed records of Jasper County, Iowa."

The reservation in the contract between appellant and Herman was as follows:

"Said grantor is to have and retain a life estate in the dwelling house and tract of land now in orchard and garden, located on said southeast quarter of the northwest quarter of said Section 20, containing two and one-half acres, more or less, and is to have the absolute use and control thereof, without any direction or interference from the party of the second part, provided, however, that so soon as said first party shall quit and surrender the possession of said premises, said life estate shall cease and determine."

In the contract between Herman and wife and appellee, the reservation was as follows:

"Subject to a life lease of Henrietta Toedt in the residence and the ground surrounding same as described in said lease, located on the southeast quarter of the northwest quarter of said Section 20, Township 81, Range 18, and the contract for stable room and shed room for horse and carriage."

Appellant resided continuously upon the 2½-acre tract until November 16, 1924, when she went to Webster City, to visit or live with her daughter. Appellee entered into possession of the small tract August 13, 1925. On July 14, 1926, appellant caused a written notice, demanding possession of the dwelling and lands included in the life estate, to be served upon

appellee. The petition in this action was filed August 23, 1926. Appellant's petition is in two counts: one setting up her right to the possession of the premises, and the other a claim for the rental value thereof during the period the same was occupied by appellee. The answer set up a plea of estoppel and a cross-petition, praying the reformation of the deed executed by Ida Toedt, administratrix, to him, and asking judgment for expenses incurred in making repairs upon the dwelling house situated thereon, and for labor performed in clearing up the grounds, and for taxes advanced. There was also a plea of waste on the part of appellant. The plea of estoppel was based upon an alleged conversation between appellee and appellant, shortly before the contract was entered into on January 5, 1909, between Herman Toedt and wife and appellee, in which, the latter claims, he inquired of appellant what her claim to the premises was, and in reply, she showed him the original contract between herself and Herman, and stated that her right terminated upon her death, or upon her removal from the premises.

It is alleged in the petition that appellee believed the statements made by appellant to be true; that he relied thereon, and was induced thereby to purchase the farm. It is further alleged in this connection that appellant permitted the premises to grow up to weeds, and neglected to make necessary repairs upon the dwelling house; that she abandoned same; and that appellee was thereby induced to believe that the life lease was terminated; and that he, in reliance thereon, entered into possession, and made substantial improvements on the premises; and that appellant is estopped thereby.

Appellant, in reply, set up the administratrix's deed and the acceptance thereof by appellee, by way of an estoppel denying his right to assert any claim based upon the facts pleaded in the answer and relied upon therein as constituting an estoppel.

The court dismissed appellant's petition, upon the sole ground that the estoppel pleaded by appellee was proven. Plaintiff alone appealed. A restatement of the doctrine of estoppel *in pais*, or of equitable estoppel, is unnecessary. The elements thereof are wholly familiar to the profession. It is not claimed by appellee that appellant represented that she intended to, or that she was likely to, remove from the premises. No assurance whatever was given him that appellant's interest was likely ever

to be terminated in any other way than by her death. It is inconceivable that an ordinarily intelligent or reasonable adult would, or could, have been misled or induced to change his position in any respect by the foregoing statements of appellant. Every presumption that could reasonably arise would be that she would retain, and not yield, possession of the premises, which included a dwelling house and orchard and garden, so long as she lived. The right was a valuable one, and appellee could not have supposed that appellant would voluntarily give it up. Whether she would vacate the possession of the premises was a matter for her exclusive determination, and nothing appellee or anyone else could legally do could affect her legal or equitable right in the slightest particular. Furthermore, the conveyance of the farm by Ida Toedt, as administratrix, to appellee was, in specific terms, made subject to the reservation in the deed from appellant to her son Herman. The book and page of the record of the deed in the recorder's office were referred to. Appellee was thereby charged with constructive, if not actual, notice of the omission therefrom of the provision of the original contract upon which he now relies in seeking reformation of the deed.

The record does disclose that appellee expended $8.00 for repairs on the eaves of the house and $3.00 for an outside cellar door, and that it was reasonably worth $80 to clean up the premises.

In assuming possession of the premises, appellee clearly did not rely upon the alleged abandonment or forfeiture of the life estate. He went to her son Charles Toedt, and requested, and was refused, the keys to the house. Entrance was obtained thereto by the use of a key borrowed from a neighbor, who had no interest in the matter. Appellee was informed by Charles Toedt that he could only take possession of the tract upon settlement with his mother. $500 was named as a sum for which an adjustment might be had. This was followed by a suggestion that $300 might be sufficient. Appellee sent his son-in-law to Webster City, to confer with appellant, and to ascertain if an adjustment could not be made with her. She declined to make terms with him.

A tenant occupied the premises during a portion of the summer of 1925. A quantity of household goods belonging to

appellant was in the house when appellee took possession, and was there at the time of the trial. Some small articles of household goods belonging to appellant were sold to appellee by Charles Toedt. The price paid was $2.00. Appellant cannot, therefore, predicate an estoppel upon anything that occurred subsequent to November 16, 1924, when appellant went to visit, or to live with, her daughter. It is obvious that appellee, in taking possession of the premises, relied upon the alleged conversation with appellant in 1909, if upon anything said or done by her. That he was induced to purchase the farm, to pay therefor, or to alter his position in any particular by the statements alleged to have been made by appellant 15 years before, is unbelievable. The alleged statement affords no grounds for an estoppel. This plea is not, in our opinion, sustained by the evidence. Appellant's life estate was not, under the terms of the deed executed by her to her son, to terminate if she ceased to occupy the premises, nor was a clause to that effect inserted in the administratrix's deed. The reservation in neither instrument referred to the terms of the original contract between appellant and Herman. Presumptively, it was waived by the parties; otherwise, it would have been incorporated in the deed.

II. Appellee filed a cross-petition in which, as stated, he prayed for reformation of the administratrix's deed and for judgment for repairs on the dwelling house and for taxes paid.  The relief sought in the cross-petition was affirmative, and in the nature of independent causes of action, and in no respect bore upon the issue of estoppel. The decree merely recited that the court found the equities to be with the defendant. The entry on the court's docket, however, was that it found in favor of appellee on the issue of estoppel. This was the only issue specifically found against appellant. The inference must be that the court found against appellee upon all of the affirmative relief sought in the cross-petition. The prayer for the reformation of the administratrix's deed was based upon a contract between Herman Toedt and appellee, to which appellant was neither a party nor in privity. Neither the administratrix nor the heirs at law of Herman Toedt, nor any other person interested adversely to appellee in the reformation of the deed, are parties to the action.

The court either found against appellee on his prayer for reformation of the instrument or deemed the practical result of the finding on the issue of estoppel a final settlement of the controversy, so far as title and right to possession were concerned, and, therefore, a ruling on the prayer for reformation unnecessary. This view cannot be permitted to operate to the prejudice of appellant. Her appeal was from the only adverse ruling of the court. In so far as the findings and decree of the court were favorable to her, she had neither occasion nor necessity to appeal. Appellee did not see fit to appeal from the ruling of the court on the issues tendered by the cross-petition. The items of expense for repairs and for the recovery of taxes paid are in the nature of counterclaims. Appellee is not, therefore, entitled to a review of these issues. *Hintrager v. Hennessy*, 46 Iowa 600; *Frost v. Parker*, 65 Iowa 178; *Huff v. Olmstead*, 67 Iowa 598. We deem it not improper, however, to say in this connection that, in our opinion, the showing made clearly did not entitle appellee to a reformation of his deed.

III. Testimony was introduced, on both sides, of the rental value of the premises in dispute during the time appellee was in possession thereof. The testimony on behalf of appellant tended to show that the rental value of the premises was from $20 to $25 per month; whereas the testimony of appellee tended to show that it did not exceed $5.00 or $6.00 per month. We are of the opinion that the maximum estimate is too high and the minimum too low. In our judgment, an allowance of $10 per month is ample, and judgment should be entered for that sum during the time for which appellant is entitled to recover therefor.

Appellant fully established her right to the possession of the premises, and judgment and decree should have been so entered in the court below. The cause will be reversed and remanded to the district court for decree and judgment in harmony with this opinion, or, if the parties elect, the same may be entered in this court.—*Reversed and remanded.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.