WILLIAM WAXMONSKY, Appellant, v. J. W. HOSKINS, Appellee.

No. 41381.

JUNE 20, 1933.

Ferguson & Ferguson, for appellant.

Stipe, Davidson & Davidson, for appellee.

CLAUSSEN, J.—In the petition, plaintiff-appellant asked that a partnership, existing between appellant and appellee, be dissolved, an accounting be had of partnership affairs, and that judgment be entered against appellee for the sum of $5,538.87, that being the sum claimed by appellant as the balance due him upon a full accounting of the partnership affairs.

It appears without dispute that a written agreement was entered into between the parties to this suit, on the 13th day of December, 1926, creating a partnership for the purpose of buying and selling a carload of Star automobiles. This contract provided that it might be renewed by mutual agreement indorsed on the partnership contract. Pursuant to such agreement a carload of automobiles was bought and sold. It is impossible to determine what profit was derived from the sale of such cars, because the record is a mass of assertion and denial, but, if the freight be added to the cost of the automobiles, and the highest figures in the record be taken as the price at which the cars were sold, the difference between such sums

is $528, and it is obvious that the profit on the deal could not exceed that amount. Under the agreement appellant was entitled to 60 per cent of the profit and appellee to 40 per cent. It follows that the maximum sum to which appellant was entitled under the agreement from the sale of the cars was $316.80. We will leave the profit and loss account in this situation, pending a statement of additional facts.

■ Appellant pleads that from time to time the partnership agreement was continued in force and effect, by mutual oral agreement. Appellant relies upon specific oral agreements to establish the partnership relationship between him and appellee subsequent to the sale of the carload of automobiles covered by the written contract. The law does not presume that such renewal contracts were made. Upon the trial appellant testified that such oral agreements were made, but this is denied by appellee. The record contains no evidence upon the question which is not as consistent with appellee's story as with appellant's version of the affair. Neither does it contain anything leading to the belief that appellant is entitled to greater credibility than appellee. In this situation the finding must be against the party having the burden of proof. We conclude that the partnership relationship did not exist between the parties subsequent to the sale of the first carload of automobiles. The result of this finding is that the maximum recovery to which appellant is entitled, is $316.80.

■ The trial court came to the conclusion that the partnership arrangement had been extended and covered the sale of seven carloads of automobiles, and found that the profits arising from the sale of said cars was $800. In the decree the partnership was dissolved and judgment was rendered against appellee for $480 and costs. The things of which appellant complains are directed toward the court's conclusion that the profits were only $800. In view of the conclusions reached by us, it is unnecessary to notice such matters. Appellee has not appealed, and in consequence is not entitled to a more favorable decree in this court than was rendered against him in the court below. Charlton v. Sloan, 76 Iowa 288, 41 N. W. 303; Soodhalter v. Reliance Coal Co., 203 Iowa 688, 213 N. W. 213. The judgment rendered by the trial court is somewhat in excess of the sum to which appellant was entitled, but under the record the decree of the trial court must be, and it is, affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.