126 P.2d 476

**YATES v. HAWKINS.**

No. 4648.

Supreme Court of New Mexico.

May 29, 1942.

James W. Stagner and G. L. Reese, Jr., both of Carlsbad, for appellant.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellee.

ZINN, Justice.

Appellant was the owner of 120 acres of land located in Eddy County. This land was sold to the State of New Mexico on Dec. 11, 1936, for the sum of $16.28, being the amount of the delinquent 1935 taxes which had theretofore been assessed against the land. Tax Sale Certificate was duly issued to the State. On Jan. 10, 1939, no redemption having been effected by the owner, a tax deed was issued to the State, which deed was duly recorded.

On Nov. 20, 1939, a notice was mailed to the appellant by the State Tax Commission, addressed to him at Carlsbad, advising him that the State of New Mexico had acquired under Tax Deed No. 1652, the property formerly owned by appellant and also advising the appellant of the provisions of L.1939, Ch. 203, which grants the appellant the privilege of repurchasing this property for not to exceed the amount of delinquent taxes, penalties, interest and costs accrued against it, provided his application to repurchase is filed with the State Tax Commission before any other application for the property is accepted by the Commission. This notice also advised him of the installment features of the act and urged him to make application to repurchase the property immediately, otherwise it might be sold to others. The appellant did not act on this notice.

On April 1, 1940, appellee entered into a purchase contract with the State Tax Commission to purchase the lands involved in this action, together with other lands, for a total consideration of two hundred fifty-five dollars ($255), payable fifty dollars ($50) in cash upon the execution of the contract, and the balance with interest amounting to two hundred seventeen and 30/100 dollars ($217.30). The fifty dollars ($50) cash payment was made at the time of the execution of the contract and on or about August 19, 1940, the balance of the purchase price was paid. The State Tax Commission issued a deed to appellee covering the lands involved in this action and the other lands included in said contract. This deed is dated August 19, 1940, and was thereafter duly filed for record.

On or about the 12th day of July, 1940, the appellant was informed of appellee's purchase contract and that appellee had already obtained a deed from the State Tax Commission. Whereupon appellant offered to repay to appellee all moneys paid out by him for the purchase of the lands involved in this action providing the appel-

lee would convey to appellant the surface of said lands and one-half of the minerals thereunder. This offer was never accepted by appellee. A similar offer was again made by appellant to appellee on or about July 25, 1940, and this second offer was likewise never accepted by appellee. Thereupon the appellant, plaintiff below, brought suit against the appellee, defendant below. The appellant claimed a preferred right to repurchase the land and offered to repay all monies expended by appellee and prayed for a reconveyance of the property and for an order quieting title in him to the property involved.

The appellee answered, denying the claimed preference right of appellant, alleging also that notice was given appellant, and that therefore appellant had no right or equity of redemption. Appellee also filed a cross-complaint in statutory form for quieting title against appellant.

The case was submitted to the court on a stipulation of facts. The court found for appellee and entered judgment accordingly. From this judgment the appellant prosecutes this appeal.

Three errors are assigned on appeal, which are in effect, as follows:

1. The court erred in failing to conclude as a matter of law that by reason of the provisions of L.1934, Sp.Sess., Ch. 27 and L.1937, Ch. 215, the appellant was vested with a preferred right to repurchase the lands involved in this action, which right was not extinguished by the enactment of L.1939, Ch. 203, by reason of the provisions of N.M.Const., art. 2, §§ 18, 19 and 20.

2. The district court erred in failing to conclude as a matter of law that the appellee entered into his contract of purchase with the State Tax Commission with notice of the appellant's preferred right of repurchase and with notice of the fact that no notice was given to the appellant by the State Tax Commission of the appellee's offer to purchase the lands involved herein and that the appellee took title to said lands subject to the appellant's preferred right to repurchase.

3. The court erred in refusing to conclude as a matter of law that the appellant having made proper tender of the full amount paid by the appellee for the purchase of the lands involved herein, the appellee should be required to convey said lands to the appellant and appellant's title to said lands should be quieted and set at rest.

Proper requests for such conclusions had been made by appellant to the trial court. Such requests were denied and exceptions duly taken.

The question thus presented for our determination under the first assignment of error, and which question is decisive of the entire case, is whether or not the appellant had a right to repurchase his property, either under the provisions of L.1934, Sp.Sess., Ch. 27, or pursuant to the provisions of L. 1937, Ch. 215, or are the rights of the parties governed by the provisions of L.1939, Ch. 203.

The appellant contends that his preferred right to repurchase granted him either by the 1934 or 1937 Tax Acts cannot be abridged by the later enactment of the Legislature, to-wit, L.1939, Ch. 203. The appellant contends that such an abridgement would be violative of N.M.Const., Art. 2, §§ 18, 19 and 20.

The tax sale involved in this case was held pursuant to L.1934, Sp.Sess., Ch. 27. Under the 1934 Tax Act the appellant had the right to redeem the property at any time prior to the expiration of two years from the date of sale. The period of redemption therefore ended on December 11, 1938. Clearly the period of redemption had expired and the appellant had not sought to redeem within the two-year period.

The 1934 Act was amended by L.1937, Ch. 215. The 1937 Act became effective on March 17, 1937. The effective date of this act was likewise prior to the expiration of the period of redemption. On December 11, 1938, the last day of redemption under either the 1934 or 1937 acts had passed and the appellant had as yet not redeemed.

Appellant concedes the general rule to be that the right of redemption from a tax sale is to be governed and determined by the law in force at the time of the sale, which, in this case, was the 1934 Tax Act. The appellant, however, contends that the 1934 Tax Act either in its unamended state or as amended by L.1937, Ch. 215, gave him a preference right to repurchase the lands from the State Tax Commission which could not be taken from him by a subsequent legislative act. Appellant cites the recent case of Kershner et al. v. Sganzini et al., 45 N.M. 195, 113 P.2d 576, 134 A. L.R. 1290, in support of his proposition.

Although, in the case of Kershner v. Sganzini, supra, we did point out that Section 30 of the 1934 Tax Act provides a preferential right of repurchase, we did not hold in that case that such preferential right could not be repealed by the Legislature. The right to repurchase is not a vested property right which cannot be changed by a subsequent act of the Legislature.

The Legislature, in enacting the 1934, 1937 and 1939 Tax Acts, was dealing with the State's property, and not with the property of the former owner. N.M.Const., Art. 2, § 18, prohibits the taking of property without due process of law. Section 19 prohibits the enactment of ex post facto laws or laws impairing the obligation of contracts; and Section 20 provides that private property shall not be taken for public use without just compensation.

It is too well established to even require a citation of authority that the sovereign state has the power and right to sell property for unpaid delinquent taxes.

Under the facts of this case there was no contract in existence between the appellant and the State to violate or to impair nor was his property taken for public use within the meaning of Art. 2, § 20. It is true that the Legislature would have

no power to change the period of redemption where a tax sale · certificate is held by a third party. In that case, the Legislative act would clearly impair the obligations of the contract between the holder of the tax sale certificate and the State to deliver a deed to the property upon the happening of certain conditions. This is not the situation here. The State itself acquired a deed to the land after the period of redemption had already expired. The 1937 Act, although passed prior to the expiration of the period of redemption, did not of itself extend the period of redemption. It will be noticed that the 1937 and 1939 acts by their own limitations are only effective after the deed has been issued to the State. The 1937 Act provides as follows:

"After expiration of the redemption date of any tax sale certificate issued to the state and issuance of deed * * *."

The 1939 Act provides: "The person whose title to property has been extinguished by the issuance of a tax deed to the state * * *."

We do not see how there could possibly be a contract between the former owner and the State that could be violated or impaired by the provisions of the 1939 Act. In the passage of the 1937 Tax Act the Legislature said, in effect, that after the State has acquired title the former owner may repurchase the property upon certain terms and conditions. This in itself could not be construed as a contract, but at most simply an offer to the former owner or an act of grace, having none of the essential elements of a binding contract. We had this same principle in mind when in the case of Pace v. Wight, 25 N.M. 276, 181 P. 430, we said: "But this rule is held not to apply where the state itself is the purchaser at the tax sale, as the extension of the time in that case is not a violation of contract rights, but an act of grace."

The offer of the State to resell its lands to the former owner by giving him a preference right to repurchase is not a contract so long as the offer of the State was not accepted by the former owner. The Legislature had the right to provide for the handling of its lands in any manner it deemed advisable. , When the appellant in the instant case sought to exercise his preference right, the 1939 Act was in effect, and his preference right was governed by it.

We believe that the point under consideration here is entirely different from cases where there have been legislative attempts to shorten the period of redemption after the tax sale has been held. All three tax acts involved, viz, the 1934, 1937 and 1939 Acts, provide for a redemption period of two years from the date of sale. The Legislature made no attempt to shorten, lengthen or otherwise change this period.

The appellant relies principally upon the case of Kershner v. Sganzini, supra. After discussing many questions not pertinent here we pointed out in that case that the County Treasurer was without authority to assign the tax sale certificate after De-

cember 12, 1938, as the State became the owner of all unassigned certificates upon the expiration of the two-year period of redemption. We did not hold in that case that the former owner has any vested right to repurchase by reason of the provisions giving him a preference right to repurchase. Neither did we hold that the nature of the preference right given by either the 1934 or 1937 Tax Acts is such that it cannot be altered or changed by a subsequent act of the Legislature.

The Kershner case is clearly distinguishable from the case we have here. In the Kershner case the certificate was issued by the County Treasurer after the expiration of the perior of redemption and at the time the legal title to the property involved should have become vested in the State. In the case we are now considering the deed was issued to the State long before the appellee made application to the State Tax Commission to purchase the property. Appellant's title was extinguished upon the expiration of the period of redemption, and he only had a preference right to repurchase under certain conditions.

The appellant also cites in support of the proposition that his preference right to repurchase was in the nature of a vested property right, the case of Blackford v. Judith Basin County, 109 Mont. 578, 98 P.2d 872, 877, 126 A.L.R. 639, decided by the Supreme Court of Montana on January 17, 1940. Upon a careful reading of this case it clearly appears that it does not support the proposition urged by appellant. The Montana court simply held that an

Act of the Montana Legislature which provided a preference right to repurchase property sold to the State for taxes was within the purview of a call made by the Governor for an extraordinary session of the Legislature, called for the purpose of extending the time for redeeming real estate through tax liens. In so holding, the Montana court stated:

"Chapter 33 as enacted by the extraordinary session and approved by the governor does not actually extend the time of redemption from tax liens, but does, under certain conditions, afford an equivalent relief by enabling the former owner to buy back his property for the amount of taxes, penalties and interest, if it shall not theretofore have been disposed of by the county. To this extent the Act in question is properly adapted to afford the taxpayer relief envisioned by the governor, although not effected exactly in the manner contemplated by him."

Upon the basis of this statement, we do not see how this case can be taken as authority for the proposition that a preference right given to the former owner of the property to repurchase property sold to the State for taxes is in the nature of the same right as an ordinary period of redemption afforded to the former owner to redeem his property before title passes to the State.

■■ The case of Buck v. Canty, 162 Cal. 226, 121 P. 924, 926, decided by the Supreme Court of California in 1912, cited by appellee is more nearly in point on the facts of the instant case. This Cali-

fornia case was a suit to quiet title to lands under a tax deed. The State of California acquired title to the property involved by tax deed in March 1905. In the following May, the tax collector published a notice that a public sale would be held pursuant to a statute then in force. The property was purchased on June 6, 1905, pursuant to such notice. The California Statute in effect at that time provided that the tax collector should give notice in a certain manner. The 1905 Legislature amended the Act requiring that in addition to the public notice, the tax collector mail a copy of the notice to the former owner. The court held that the amended act was in effect and effective at the time of the sale, even though notice had been given under the old act prior to the passage of the amendment. In discussing this matter, the court stated:

"The authority of the Legislature to provide a system under which the state may be enabled to collect its revenues, its right to provide for the acquisition by the state of the property of delinquent taxpayers, for its redemption after such acquisition or its sale, and (as to the latter) the method and procedure under which it shall be sold on behalf of the state by its agents may not be questioned. These are all matters within the control of the Legislature, and this control over the method by which the state shall dispose of the property acquired by it for delinquent taxes involves the right to determine at any time the extent and character of notice which shall be given by the agents of the state before the right to make a sale of it shall attach. Having plenary power over the matter, the Legislature had provided under the old section—in harmony with the policy of according an opportunity to the delinquent owner to redeem at any time before the sale by the state took place— that a sufficient last opportunity would be given him by a publication alone of the notice of intended sale. * * *

"As to this claim of impairment of a right, there was no vested or fixed right in the state to sell property under the old section, or any other section. That such a right existed is merely the assumption of counsel. The Legislature has full control over the sale of property belonging to the state, which it may direct sold, and to regulate or change at any time the method of its disposition. If there was any merit in this claim advanced by counsel, however considered, it would be sufficient to say that the amendment does not at all impair the right of the state to sell. In furtherance of the policy of the state, and to afford better opportunity of redemption by the delinquent owner before actual sale, the Legislature has simply provided for additional notice to be given before a sale may be made. This does not impair the right of the state to sell. That right is still secured to it. The amendment simply effects a change in the method by which the right may be exercised; a change in the remedy, whereby additional opportunity is given to the former owner, before an actual sale,

to regain his property by redemption, without impairing the right of the state to proceed to sell, in case he does not.

"Nor is there any force in the objection to the amendment on the ground that it is retroactive. As we have said, this amendment only operates upon the remedy under which the right of sale may be exercised. It is well settled that the Legislature may pass a statute which shall be retroactive in character, and open to no constitutional objection upon that account, when it affects the remedy only and does not disturb vested rights or obligations of a contract."

What the California Court said is very appropriate here. The Legislature in 1934 provided a period of redemption and also gave the former owner a preference right to repurchase. This same act set forth the mode and manner governing the procedure of the State Tax Commission in disposing of property acquired by the State after the period of redemption had expired. The Legislature in 1937 amended the 1934 Act. The Legislature in 1939 enacted a new system. There was no vested or fixed right in the former owner under any of these Tax Acts to have a preference right of repurchase. Each session of the Legislature could change the method by which a former owner could repurchase land acquired by the State under its delinquent tax law. The Legislature could even abolish any preference right given by a former session if such right or privilege had not been acted upon by a former owner during the life of the statute. The Sovereign State gave the right and the Sovereign State had the right to take away the right. In the case before us the State did not in 1939 take away the right. It merely changed the procedure and this it could do.

Holding as we do that there is no merit in the appellant's first assignment of error, the second and third assignments likewise of necessity are without merit. The judgment of the District Court will be sustained, and it is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.