In re William E. **BOUMA,** Debtor.

AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION, a federally chartered savings and loan association, Plaintiff,

v.

William E. **BOUMA** and N. Kathleen Bouma, his wife, First National Bank in Albuquerque, a nationally chartered banking institution, Robert and Jule Bouma, Lois and Rolf Wollan, Dove Wholesale Pet Supply, and Don Becker, trustee, Defendants.

Bankruptcy No. 81–01188 M A.
Adv. No. 81–0803 M.

United States Bankruptcy Court,
D. New Mexico.

Aug. 30, 1983.

Michael D. Bustamante, Stuart Hines, Albuquerque, N.M., for plaintiff.

Jennie Deden Behles, Albuquerque, N.M., for defendant debtor.

Robert M. St. John, Max W. Shepherd, Albuquerque, N.M., for defendant FNBIA.

Donald D. Becker, Albuquerque, N.M., for defendant trustee.

Edward F. Barnicle, Jr., Asst. Atty. Gen., N.M. Taxation & Revenue Dept., Santa Fe, N.M.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court October 6, 1982, on the defendant trustee's Motion for Partial Summary Judgment on the plaintiff's Complaint for Relief from Automatic Stay or alternatively for Order of Abandonment or Sale and for Foreclosure.

The following facts are in the record and not disputed:

On November 18, 1975, the debtor executed a note and real estate mortgage to the plaintiff, American Federal Savings & Loan Association, for $55,000.00. This note was to be paid in equal monthly installments of $480.54. The interest charged was 9.5%.

As security for this obligation, the debtor executed a mortgage on Lot Six (6), Bosque del Rio, a subdivision in Valencia County, New Mexico. This mortgage was filed on November 24, 1975, and recorded in the office of the County Clerk of Valencia County, New Mexico.

A tax deed was issued on this property for failure to pay taxes. The tax deed resulted from the debtor's failure to pay property taxes which existed prior to November 18, 1975, and for which a property tax lien arose. The debtor purchased this tax deed on November 8, 1978. This tax deed was filed in the office of the County Clerk of Valencia County on December 4, 1978.

On August 6, 1980, the debtor signed a loan agreement with First National Bank for $17,475.60. This indebtedness is secured by a mortgage, filed August 14, 1980, in the office of the County Clerk of Valencia County. First National Bank agrees that its lien is inferior to American Federal Savings' lien.

In August 1981, the debtor failed to make payments on his loan from plaintiff. On November 9, 1981, the debtor filed an original petition under chapter 7 of the Bankruptcy Reform Act of 1978. Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of defendant Bouma's petition operated as an automatic stay against the plaintiff's rights as a secured creditor to proceed against the defendant.

In November 1981, plaintiff exercised its option to accelerate the indebtedness for the sum of $50,950.59 and foreclosed on the lien. An action was filed December 4, 1981, in the District Court for the Thirteenth Judicial District in Valencia County. Plaintiff was unaware of the debtor's filing in bankruptcy. Plaintiff did not receive notice of this filing and was not included as a creditor in the debtor's petition.

Plaintiff has requested relief from the automatic stay or an order for abandonment or sale and/or foreclosure on the property. The trustee argues that the plaintiff's mortgage is void because the property was forfeited for failure to pay taxes. The trustee contends that the debtor's title commences November 8, 1978, pur-

suant to the tax deed filed with the County Clerk of Valencia County on December 4, 1978.

The issue before this Court is the determination of the legal effect of N.M.Stat. Ann. § 7–38–70(B) (1978), as to a bankruptcy trustee (11 U.S.C. § 554) when a tax deed grantee was the previous owner of the property.

The current statute governs this case because Bouma purchased his tax deed in November 1978. No cases interpret this current statute. Previously, the Supreme Court of New Mexico held that a former owner's right to repurchase land sold to the State for delinquent taxes was governed by the statute in effect when the former owner sought to exercise that right. *Yates v. Hawkins,* 46 N.M. 249, 126 P.2d 476 (1942). Thus, although the tax lien arose for taxes delinquent prior to November 18, 1975, the statute of 1978 governs this case.

Defendant trustee argues that N.M.Stat. Ann. § 7–38–70(B) (1978) renders the American Federal Savings & Loan Association's mortgage encumbrance subordinate to the interest of the trustee because the tax deed filed with the County Clerk of Valencia County extinguished the mortgage. The new statute marks a change from the certificates of redemption of § 72–31–70 N.M.Stat.Ann. (1953), enacted by 1973 N.M.Laws, Ch. 258, § 110, by providing for a sale of real property for which taxes have become delinquent. This sale may take place any time after three years have expired from the date on which the taxes became delinquent; the real property must be offered for sale within four years from the date on which the taxes became delinquent. N.M.Stat.Ann. § 7–38–65 (1978). The sale of the real property must be substantially in accordance with the Property Tax Code (Articles 35–38 of Chapter 7, N.M.Stat.Ann. [1978]). N.M.Stat. Ann. § 7–38–70(B) (1978).

The Property Tax Code acknowledges the unique status of the former owner of real estate on which property taxes have become delinquent. Under N.M.Stat.Ann. § 7–38–66 (1978), the property division is required to mail him special notice that his property will be sold. This section also allows him to prevent or invalidate the sale by proving he has paid or entered into an installment agreement to pay all delinquent taxes, penalties, interest and costs prior to the date of the sale.

By affording the former owner such extra protection, the Property Tax Code retains the distinction between former owners and strangers. Although it is true that the tax deed has been recognized as "... a new and paramount title in fee absolute striking down all previous titles and interests in the property," *Bailey v. Barranca,* 83 N.M. 90, 488 P.2d 725 (1971), the effect described has only been extended to third parties. In *Turner v. Sanchez,* 50 N.M. 15, 168 P.2d 96 (1946), the Court contrasted the party claiming a right to redeem with that of his adversary: "[a] claim to a tax title is the claim of a stranger to the title and rests solely upon such rights as inure by virtue of the purchase of a right to acquire title subject to the provisions of the statute authorizing redemption." N.M.Stat.Ann. § 76–713 (1941 Comp.). The effect of redemption was distinguished from the purchase of a tax deed in *Morris v. Ross,* 58 N.M. 379, 271 P.2d 823 (1954):

The effect of redemption will not be a transfer of the inchoate title of the purchaser at tax sale, but will be to extinguish the tax sale; as to all other persons, who might have a right to redeem, the redemption is in their interest and consequently they are not adversely affected.

Three New Mexico cases demonstrate that the nature of a former owner's interest remained unaltered by a tax sale. A property owner was not allowed to remove a reciprocal negative easement and restrictive covenant on his land by purchasing a tax deed. *Alamogordo Improvement Co. v. Prendergast,* 43 N.M. 245, 91 P.2d 428 (1939). When separate property of a husband was sold to the county for delinquent taxes, the land remained separate property after it was repurchased. *Langhurst v. Langhurst,* 49 N.M. 329, 164 P.2d 204 (1945).

Most factually on point, a conservancy district intervened in protecting its lien on property when it was repurchased by the former owner in *Sanchez v. N.M. Tax Commission,* 51 N.M. 154, 180 P.2d 246 (1947). The Court said:

> [o]ne cannot extinguish valid liens on his property for unpaid conservancy district assessments by allowing the sale of property to the state for state and county taxes and then redeeming it without paying such assessments, but will retake property under the tax deed from the state, with taxes paid but burdened with such assessments, for collection of which the conservancy district will have the same remedies as before the sale to the state.

N.M.Stat.Ann. §§ 76–707, 76–740 (1941 Comp.). Thus covenants and negative restrictive easements, separate character of property, and conservancy tax liens were not altered when a former owner repurchased his property at a tax sale.

It is recognized in New Mexico that "[t]he purpose of statutes on tax deeds is to give a measure of certainty and security to tax titles." *First National State Bank v. State,* 77 N.M. 695, 427 P.2d 225 (1967). Yet this measure of certainty cannot be achieved at the expense of destroying other types of interests in land. The Alaska Court addressed a similar redemption at foreclosure and stated the problem eloquently:

> Obviously it would be most unfair to holders of liens on property if the owner of record could gain a clear title by the simple, albeit devious, expedient of not paying his taxes and then repurchasing the property by paying the delinquent taxes at a tax sale. Courts have not allowed mortgagors to avoid their obligations in this manner. It is the general rule that when the owner of property redeems or repurchases his property, his purchase merely operates as a payment of taxes and he receives the same title he held before the municipality's foreclosure.

*Jefferson v. Metropolitan Mortgage & Security Co. of Alaska,* 503 P.2d 1396 (Alaska 1972), at 1399.

The facts in the case before us are analogous to a property owner redeeming his property at a tax sale under the former law. The 1978 Property Tax Code retained a distinction between the property owner and others, affording him special notice, protection, and defenses. New Mexico courts have held that many encumbrances upon and attributes of property cannot be extinguished by a tax sale. Neither the text of the present statute, nor its intended effect, suggest that a property owner can avoid his mortgage by repurchasing it for delinquent taxes.

Accordingly, the Court finds that the purchase of the tax deed in 1978 by the defendant Bouma operated to extinguish the tax sale. The defendant obtained no better title than he had before, but merely reasserted his own title encumbered by the mortgage to the plaintiff. The Motion for Partial Summary Judgment will be denied.

This opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 752.

An appropriate order shall enter.