[APRIL TERM, 1932]

SHOMO v. BURGESS, ET AL.; LYNCH v. SAME
(Nos. 1721, 1722; April 26, 1932; 10 Pac. (2d) 611)

The cause was submitted for appellants on the brief of
*Thos. M. McKinney,* of Basin, Wyoming, and *Lee & Lee,* of
Cheyenne, Wyoming.

198

The causes were submitted for the respondents on the brief of *Thos. M. Hyde* and *C. A. Zaring,* of Basin, Wyoming.

BLUME, Justice.

This appeal involves two actions brought against the defendants, one in which Mary Lynch and one in which Kathryn Shomo is plaintiff. Both actions were brought to recover damages for unlawful and unwarranted search. The actions were consolidated in the court below for the purpose of trial. They have been argued together in this

court. The assignments of error in both cases are identical, so that only one opinion will be necessary. The petition of both plaintiffs alleges that on December 27, 1926, A. C. Burgess, Sheriff of Big Horn County, Wyoming, together with a number of other men, searched the premises called "The Alamo Hotel" at the town of Greybull, Wyoming; that the hotel consisted of two floors, with living rooms and stores on the first floor, and about twelve or thirteen rooms for guests on the second floor; that on the date above mentioned, the sheriff, together with his men, under color of a search warrant and in violation of his bond, made a search of the premises above mentioned lasting about 22 hours, occupying the premises over night, imprisoning plaintiffs, refusing them advice of counsel, making a personal search of plaintiffs and subjecting them to other mistreatment. It was further alleged that plaintiffs were frightened and rendered nervous and ill, and each asked judgment for the sum of $10,000. Demurrers were filed to these petitions, which were sustained, and upon appeal taken by the plaintiffs, the judgments of the trial court were reversed. Lynch v. Burgess, 40 Wyo. 30, 273 Pac. 691, 62 A. L. R. 849; Shomo v. Burgess, 40 Wyo. 43, 273 Pac. 695. Thereafter the case was tried to the court without a jury and judgment was rendered for each of the plaintiffs in the sum of $500, from which the defendants have appealed.

A number of errors are assigned, but only a few, mentioned below, have been argued. The others will of course be considered as having been waived. The evidence need not be set out, except only insofar as it may illustrate the points argued herein. The testimony of the plaintiffs shows that Mrs. Shomo, who conducted the hotel, together with her husband, occupied the rooms on the lower floor of the hotel; that Mrs. Lynch is Mrs. Shomo's sister, and was a member of the family at the time of the search, but occupied, it seems, a room on the upper floor; that the two

days of the search were cold, about ten degrees below zero; that the doors in the building were left open, causing the plaintiffs to suffer from cold; that the searching party, consisting of the sheriff and quite a number of men (seven, according to the sheriff's testimony), stayed about 22 hours, and aside from tearing up everything in the building, searched Mrs. Shomo's bed five different times; that plaintiffs were left no privacy whatever, and had no opportunity to get anything to eat; that when Mrs. Lynch went to get some coffee for Mrs. Shomo, five men surrounded her in the kitchen, took the dishes she had placed on the table and put them on the floor and turned the table upside down; that the sheriff placed both plaintiffs under arrest; that both he, as well as some of his men, swore at and used insulting language toward plaintiffs; that particularly one Frank Hart was insulting and annoying, of which Mrs. Shomo complained to the sheriff, but that the latter gave his approval to such conduct; that the persons of both plaintiffs were searched by Mrs. Frank Hart; that plaintiffs were frightened, and became nervous and sick from which they suffered considerably. All annoying and insulting acts were denied by the sheriff and his witnesses, and testimony was adduced that Frank Hart was not in the building at the time of the search; that he was a young man about 18 or 19 years of age and was not married. When the plaintiffs had closed their case, the defendants made a motion to strike out all the testimony of the former, insofar as it related to the acts and conduct of Frank Hart and his wife, because it had not been shown that they acted under the direction of the defendant Burgess. This motion was overruled, and we think properly so. Mrs. Shomo testified that the acts and conduct of Frank Hart were specially called to the attention of the defendant Burgess, and that he condoned them and told Hart to go ahead and do as he pleased. The testimony as to Mrs. Frank Hart is not quite so specific, yet after Mrs.

Shomo had testified in regard to the acts on the part of the defendant Burgess, she stated among other things:

"Yes, he brought a woman in, a Mrs. Hart, wife of one of the men and searched my sister and me and made me get up again. He came in with her and he said, 'Search the lady in bed. Bring me any package or anything you find.'"

Taking the testimony as a whole, we think it is very clear that the witness in referring to "he" meant the defendant Burgess. Moreover, Burgess, as sheriff of Big Horn County, Wyoming, had with him a number of men, and according to the testimony of plaintiffs, had absolute and exclusive charge and control of the premises at the time of the search, and the inference would not be unwarranted that no woman would under these circumstances have attempted a search of the plaintiffs' persons without authorization by or knowledge of the sheriff.

The only other point argued herein centers about the testimony of the witness Cross on cross-examination, and grows out of the fact that plaintiffs complained particularly of the conduct of Frank Hart and Mrs. Frank Hart, and that the defendant's testimony showed that neither a Frank Hart nor a Mrs. Frank Hart were present at the search. The testimony of the witness Cross on cross-examination to which attention is called is the following:

"Q. Do you recall a man by the name of Frank having been around during the search? A. Yes, sir. Q. And was he a prohibition officer at that time? A. He was a special deputy, I believe. Q. You mean a special deputy sheriff? A. Yes, sir. Q. And do you recall seeing his wife around there that evening? A. Yes, sir. Q. You may state whether or not, if you know, if Mrs. Frank was invited in there or requested to come in and to search Mrs. Shomo and Miss Lynch? A. Yes, sir, she was. Q. And did Mrs. Frank search Mrs. Shomo and her bed and also Miss Lynch and their personal belongings? A. I didn't

see them searched. Q. But they were in Mrs. Shomo's room? A. Yes, sir. Q. And do you know why Mrs. Frank was called in there? A. Yes. Q. And what was she called in there for, if you know? A. To search Mrs. Shomo and Miss Lynch.''

It is suggested rather than urged that this was not proper cross-examination, and the objection to some of the questions included that ground. We do not believe that this objection was well taken. The witness Cross, a deputy sheriff aiding in the search in question, had testified at considerable length in regard to such search. He was asked on direct examination who was present, and what was done, and the cross-examination above set out did not, we think, exceed proper bounds.

The main objection, however, that is made to the testimony is that by this examination the plaintiffs attempted to contradict their own testimony, namely, that instead of Mrs. Frank Hart searching the plaintiffs' persons, a Mrs. Frank in fact did so. Counsel further argue—although we are not sure that we quite follow them—that in view of the fact that the witness Cross failed to testify that the persons of the plaintiffs were searched, and inasmuch as plaintiffs did not testify that Mr. or Mrs. Frank searched them, the plaintiffs have not made out a case, at least on this point. Neither the premises, nor the conclusions of counsel seem to be well founded. We do not find the authorities cited by them in point. Just because a Mrs. Frank might have searched plaintiffs does not, necessarily at least, contradict the testimony that a Mrs. Frank Hart did so. The plaintiffs might have been searched by both. Their testimony, taken by deposition, does not show that, but their attention was not called to that point, and it is not pretended that they testified as to everything that took place. They testified that they were searched by Mrs. Frank Hart, and as already stated, there is sufficient evidence to show that this was done by authority of the

defendant Burgess. The testimony of the witness Cross goes at least so far as to corroborate plaintiffs that they were searched by some one. That was the important fact, and that fact was not, and was not attempted to be, contradicted by the examination of the witness Cross. Whether the search was made by a Mrs. Hart or by a Mrs. Frank would seem to be wholly immaterial, if it was made by some one by the authority of the defendant Burgess. The probabilities are, in the face of the testimony of the witness Cross, that the plaintiffs were merely mistaken as to the name of the person who searched them, and we fear that counsel lay too much stress upon that mistake. Taking the record as a whole, we think that the trial court was warranted in taking this view of the case, and if that is correct, the claim of plaintiffs that they were searched and that the defendant sheriff authorized it was, instead of being contradicted, materially strengthened by the testimony of the witness Cross.

It is again argued that the petitions in these cases do not state facts sufficient to constitute a cause of action. That point, however, was disposed of on the former appeals, and we see no good reason to reconsider it.

No other points are argued, and the judgment of the trial court must, accordingly, be affirmed. It is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.