MARY C. ANDERSEN,

*Plaintiff and Respondent,*

vs.

LUELLA GRIFFITH, LUCY HURD, IVA ASTLE and TENNIE ASTLE,

*Defendants and Appellants,*

and CATHERINE ANDERSEN, et al,

*Defendants.*

(No. 2573; March 31st, 1953; 254 Pac. (2d) 1001)

For the defendants and appellants the cause was submitted upon the brief of Clarence W. Cook and P. W. Spaulding, both of Evanston, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of Carl Cook of Afton, Wyoming, and A. A. Merrill of Idaho Falls, Idaho.

138

## OPINION

RINER, Justice:

The plaintiff, J. A. Andersen, now deceased, (his wife, Mary C., being by stipulation and order of this Court substituted as plaintiff), on October 9, 1950, brought a suit in the District Court of Lincoln County against the defendants, Luella Griffith, Lucy Hurd, Iva Astle and Tennie Astle, who are the appellants here. The purpose of the proceeding in the court below was to quiet title to certain property in the plaintiff. The property is described in plaintiff's petition as follows:

"The Northwest Quarter of the Northeast Quarter East half of the Northwest Quarter and the Southwest Quarter of the Northwest Quarter of Section 29, in Township 33 North, Range 118 West of the Sixth Principal Meridian."

It is located in Lincoln County, Wyoming. The allegations of plaintiff's pleading are of the usual character in such a proceeding. It states that plaintiff "now is and for more than ten years immediately prior to this time, has been, the owner in fee, and in open, notorious, exclusive and peaceful possession of the" above described real estate.

Paragraph 2 of said petition alleges that:

"2. The record of title to said land shows absolutely no conveyance thereof from the said Andrew Petersen, who is now deceased, and to whom Government Patent issued, Dec. 17, 1906, but it does disclose that on October 16, 1909 plaintiff, as 'James A. Andersen,' who is one and the same person as 'J. A. Andersen' plaintiff and Margaret Petersen, his mother, claimed and had control of said land, and gave mortgage thereon to one George K. Murdock, who is now deceased, which mortgage has never been released of record, notwithstanding plaintiff, J. A. Andersen alone paid off said mortgage and debt many years age, the said Margaret Petersen having died in the mean time."

Paragraph 3 of said petition reads:

"3. All of the other members of the family of said Andrew Petersen, deceased, the above named defendants, and also all of the unknown heirs at law, neglected and abandoned said land, except plaintiff, who continued in possession and control thereof without interruption from said Oct. 16, 1909, to this time, and plaintiff, obtained a Tax Deed to said land from the County Commissioners of Lincoln County, Wyoming, on Feb. 9, 1928."

Paragraph 4 states that the defendants claim some interest in said property adverse to plaintiff which plaintiff repudiates and denies and that plaintiff is entitled to perfect title to said land.

The defendants above named filed their answer to plaintiff's petition denying that plaintiff has been or ever was the owner of the property aforesaid but state that a U. S. patent was issued to Andrew Petersen who held the ownership of said property until his death; that Petersen assumed the name of Andrew Peter Andersen; that he died intestate June 9, 1906, leaving his wife Margaret and the following named children: James August Anderson (Andersen), the plaintiff herein and the defendants above named and another

son called Milo Petersen; that said widow remained unmarried and died intestate during the year 1927 leaving her surviving the same children, her heirs, and said Milo Petersen (then known as Milo Andersen) who died intestate September 4, 1943, leaving him surviving Catherine Anderson (Andersen) one of the defendants, his widow, and the following children: Meral Anderson (Andersen), Mae Anderson (Andersen), and Darrell Anderson (Andersen), all now living and of adult age; the last three are not participants in this litigation; that Milo was appointed administrator of his father's estate and remained such until his death; defendants denied that they ever abandoned said land; that after their father's death they permitted their mother to remain in possession and have the profits of said lands while she lived and since her death Milo, with their consent, continued in possession of this property pending a settlement of the estate of said decedents. That said lands are cultivated dry farm lands producing crops in excess of $500 each year which plaintiff and Milo took and converted to their own use until Milo's death; that since then the crop values increased to $800 each year and plaintiff had taken these and converted them to his own use; that defendants admit that plaintiff claims under tax deed made by the Commissioners of Lincoln County upon a tax sale held July 29, 1924, for delinquent taxes on said lands for the years, 1923, 1924, 1925, 1926 and 1927; that the assessment rolls of Lincoln County for said years did not have the oath of the County Assessor attached to them as required by W.C.S. 1910, § 1265; that by reason of said failure to have the oath attached any deed based thereon is void and plaintiff has no claim thereunder; all allegations not admitted or denied are denied.

Plaintiff's reply denied that Milo ever, in any capac-

ity, had possession of the lands aforesaid except by plaintiff's consent and denies generally all allegations of the answer of defendants as reviewed above.

Plaintiff also filed an amended reply which generally alleges that the property aforesaid was decreed to plaintiff by a judgment of the District Court of Lincoln County in the case of plaintiff J. A. Andersen vs. Peter Andersen as administrator of the estate of Andrew Petersen, et al, defendants; that the defendants are estopped by their answer and cross-petition in that case to make any claim to the lands now in suit.

After trial of this litigation was had to the court without a jury the court made a general finding in favor of the plaintiff and that:

" * * * at the time of bringing this action the said plaintiff was, and for more than ten years immediately prior thereto, had been, and now is the lawful owner and in open, notorious, peaceful and exclusive possession of the said lands described in said proceedings * * *

also that:

" * * * neither the defendants, nor any one of them, nor any person claiming from, or under them, or any one of them, has any title, estate, right or interest in said lands as hereinafter described, or any part thereof, and that the plaintiff ought to have his title and possession quieted as against each and everyone of said defendants."

It was accordingly decreed that:

" * * * the plaintiff J. A. Andersen is the absolute owner in fee simple of the said premises, which are described as follows, to-wit:

"In Section 29, Township 33 North, Range 118 West of the Sixth Principal Meridian in Lincoln County, Wyoming, the Northwest Quarter of the Northeast Quarter; the Northeast Quarter of the Northwest

Quarter; and the Southeast Quarter of the Northwest Quarter, excepting therefrom the following portion thereof * * * "

omitting certain excepted lands duly described and the court also ordered:

" * * * that the title of plaintiff to said described premises be and hereby is quieted in him and the defendants and each and all of them or anyone claiming under them or any one of them, are hereby forever barred from claiming or having any right, title or interest therein adverse to the rights of the plaintiff, and that the title and possession of, in and to the said premises are hereby decreed firm and effectual in the said J. A. Andersen, the plaintiff aforesaid * * * "

It is to be noted that the appellants are now before this court with a general finding of the District Court of Lincoln County against them on the facts and a judgment, consequently, also against them. The assignments of error urged are that this judgment and the findings aforesaid are "contrary to law" and "are not sustained by sufficient or any evidence."

Under an attack of this character upon the ruling of the District Court in its judgment aforesaid we have heretofore remarked that we:

" * * * must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it."

See Jacoby vs. Town of the City of Gillette, 62 Wyo. 487, 494, 174 Pac. (2d) 505 and Willis vs. Willis, 48 Wyo. 403, 49 Pac. (2d) 670, and cases cited.

There appears evidence in the case for the plaintiff that he and his wife had held the property aforesaid "openly, notoriously, and adversely" during the past 30

years; that he had leased the property and collected the rentals thereon; that no-one has taken possession of this property as against the plaintiff; that plaintiff and his wife have paid the taxes on the property during the past 30 years; that plaintiff and his wife have had control over the property; that they have lived on it part of the time since their marriage 31 years ago; that this property was in plaintiff's name until 1940 when his wife bought the property from Lincoln County; that said County had purchased this land at tax sale and Mrs. Andersen bought it from the County through the County Commissioners November 7, 1940. That thereafter Mrs. Andersen conveyed the property to her husband, J. A. Andersen, plaintiff herein. The above resume of the facts appearing does not undertake to be exhaustive.

Some of the testimony regarding these matters was disputed but the rule as often announced by this court heretofore is that:

" * * * where testimony is conflicting, the finding of the trial court should not be disturbed, unless such finding is clearly erroneous or against the great weight of evidence."

See Williams vs. Yocum, 37 Wyo. 432, 444, 263 Pac. 607 and cases cited.

There is another matter which also leads us to believe that the District Court's judgment in this case should not be disturbed. It is insisted for the defendants that plaintiff could not acquire title to the property adversely to them being a tenant in common with said defendants. It is true that the general rule as set forth in 54 A.L.R. 875 is that:

"Tenants in common and joint tenants are said to stand in confidential relations to each other in respect to their interests in the common property and the common title under which they hold; and the courts

generally assert that it would be inequitable to permit one, without the consent of the others, to buy in an outstanding adversary claim to the common estate and assert it for his exclusive benefit to the injury or prejudice of his co-owners; and, if one cotenant actually does acquire such claim, he is regarded as holding it in trust for the benefit of all his cotenants, in proportion to their respective interests in the common property, who *seasonably* contribute their share of his necessary expenditures; * * * " (Italics supplied).

This general rule has the limitation as pointed out by the use of the word "seasonably". In Mandeville vs. Solomon, 39 Cal. 125, 133, it was held that (p. 125):

" * * * the co-tenant must exercise reasonable diligence in making his election to participate in the benefit of the new acquisition.

"Unless he make his election, to participate in a reasonable time, and contribute, or offer to contribute, his proportion of the consideration actually paid, he will be deemed to have repudiated the transaction and abandoned its benefits."

and the court said upon the point at p. 133:

"Equity does not deny to a tenant in common the right to purchase in an outstanding or adverse claim to the common property; it, however, deals with the tenants after such a purchase it made. While it will not permit one of them to acquire such a title solely for his own benefit, or to the absolute exclusion of the other, it at the same time exacts of that other the exercise of reasonable diligence in making his election to participate in the benefit of the new acquisition; and having, upon its own principles of fair dealing, compelled the purchasing tenant to allow his co-tenant this opportunity, the latter will not be permitted to equivocate or trifle with the position thus afforded him, or to make it a means of speculation for himself, by delaying, until the rise of the land, or some event yet in the future, shall determine his course. Unless he make his election to participate within a reasonable time, and contribute or offer to contribute his ratio of the consideration actually paid, he will be deemed to have repudiated the transaction and abandoned its benefits."

Mr. Freeman, the author of the well-known text on judgment in his admirable treatise on Cotenancy and Partition in its second edition says on page 234, § 157 that:

"The right of a cotenant to share in the benefit of a purchase of an outstanding claim, is always dependent on his having, within a reasonable time, elected to bear his portion of the expense necessarily incurred in the acquisition of the claim."

Our examination of the record herein has failed to disclose any payment or even offer to pay by defendants to plaintiff their share of what was paid for the deed to Mrs. Anderson from Lincoln County. Our attention is not directed to any such payment or offer to pay at any time by these defendants; the defendants' pleading also does not mention any such action or attempted action on their part.

Other assignments of error were made by the appellants but they do not seem to be urged in either brief or argument and under previous rulings of this court are consequently waived. See Lincoln Land Co. vs. Goshen Irrigation District, 42 Wyo. 229, 293 Pac. 373; Shomo vs. Burgess, 44 Wyo. 197, 10 Pac. (2d) 611; Wyoming Investment Co. vs. Wax et Ux, 45 Wyo. 321, 18 Pac. (2d) 919.

All things considered as discussed herein it appears that the judgment criticized should remain undisturbed and it is accordingly affirmed.

Affirmed.

BLUME, C. J., and ILSLEY, J., concur, the latter before his death.