[No. 911. April 25, 1902.]

## MELITON CHAVEZ, Appellant, v. ERNEST MYERS, Appellee.

### SYLLABUS.

1. On appeals an appellate court will only consider points which were directly decided in the lower court and on which exceptions were based, except those which relate to jurisdiction, etc.

2. An appellate court will only decide questions affecting litigants who are before it, and parties who do not appeal, or join in an appeal will not be heard to allege error.

3. A party to an action who does not appeal is presumed to be satisfied with the judgment rendered by the court below.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Affirmed.

E. V. CHAVES and NEILL B. FIELD for appellant.

One cannot take a benefit under an instrument and then repudiate the instrument.

Peters v. Bain, 133 U. S. 695.

If the creditor has no right to resort to the property to satisfy his claim, then the transfer cannot be deemed fraudulent.

Beach, Mod. Eq., 895.

And a transfer of property in which the debtor has no beneficial interest cannot be fraudulent as to his creditors.

14 Am. and Eng. Ency. (2 Ed.), p. 255.

Transfers of property exempt from execution are not fraudulent as to creditors.

Smillie v. Quinn, 90 N. Y. 495; Hoyt v. Godfrey, 88 N. Y. 669; Mason et al. v. Mars, 17 S. W. (Tex.) 370; Creswell v. McCaig, 9 N. W. 52; Dunn v. Whalan et al., 21 N. Y. Sup. 869; Thompson v. Crane, 73 Fed. 357; 14 Ency. Law 256, and cases cited in note 6; Taylor v. Duesterberg, 109 Ind. 165; Faurote v. Carr et al., 108 Ind. 165; Burdge v. Bolin et al., 106 Ind. 175; Thompson v. Crane, 73 Fed. 333.

If by the conveyance in question a secret trust was created, it is not for that reason invalid.

Nichols v. Eaton et al., 91 U. S. 725-6-7; Spindle v. Shreve, 111 U. S. 547; Brooks v. Reynolds, 59 Fed. 937; Seymour v. McAvoy, 121 Cal. 438; Roberts v. Stevens, 84 Me. 325; Billings v. Marsh, 153 Mass. 311; Jourallomon v. Massingill, 5 S. W. 719.

Casual and indefinite expressions of mere inchoate intentions, not carried into effect, are insufficient to raise a trust.

1 Perry on Trusts, sec. 77.

When a trust will be declared and enforced in favor of those interested in the estate.

1 Perry on Trusts, sec. 216; Browne on the Statute of Frauds, sec. 95, p. 103; Devenish v. Baines, Prec. in Chan. 3; Chamberlain v. Chamberlain, 2 Freem. 34; Thompson v. White, 1 Dallas (Pa. St.) 425-6-7.

It is the duty of the court to reject all evidence of a verbal contract, if, when taken as true, it does not make.

out such a case as would induce a chancellor to decree a conveyance.

> Brawdy v. Brawdy, 7 Barr 157; Poorman v. Kilgore, 2 Casey 371, per Lowrie, J.; Mc-Barrow et al. v. Glass et al., 30 Pa. St. 134-5.

Declarations of a purpose to create a trust, not carried out, are of no value; nor are direct promises to that effect, unaccompanied with considerations turning them into contracts.

> 1 Perry on Trusts, secs. 77-216; Browne on Statute of Frauds, sec. 95; Thompson v. White, 1 Dallas 425; McBarrow v. Glass, 30 Pa. St. 134; Allen v. Withrow, 110 U. S. 129; Miller v. Pearce, 6 Watts & Ser. (Penn.) 97; Woolford v. Harrington, 74 Pa. St. 311.

A debt barred by the statute of limitations is not extinguished, and the right to plead the statute against such debt is a personal one, which a debtor has a right to waive.

> 6 Am. and Enc. of Law (2 Ed.), 680 and cases cited; Lonsdale v. Browne, 15 Fed. cases 854; Womack v. Womack, 58 Am. Dec. 119; French v. Hotley, 63 Me. 326; State Bank of St. Louis v. Frane, 112 Mo. 502; Jones v. Simpson, 116 U. S. 615; Tyng v. Grinnell, 92 U. S. 467; Tunison v. Chamblin, 88 Ill. 389.

A court of equity does not act upon things but upon persons. A title passes by a deed which the decree of the court compels the party to the suit to execute.

> Ferbee v. Proctor, 2 Dev. & B. (N. C.) 439.

And if the defendant be not in the jurisdiction, or refuses to act the court may appoint a trustee to act for that purpose.

> Felch v. Hooper, 119 Mass. 52; Ager v. Murray, 105 U. S. 126, 132.

The court has no inherent power by the mere force of its decree, to annul a deed or to establish a title.

> Hart v. Samson, 110 U. S. 155.

The right of even a fraudulent grantee to the surplus arising after the satisfaction of the creditor alleged to be defrauded is never denied by any court.

Shorman v. Farmers Bank of Reading, 5 Watts & Sergeant 376; Waterbury v. Westervelt, 9 N. Y. 406; Bestwick v. Menck, 40 N. Y. 386; Langdon v. Sherwood, 124 U. S. 81; Gay v. Parport, 106 U. S. 679; Wilson v. Martin Wilson Co., 151 Mass. 515.

E. W. DOBSON for appellee.

Meliton Chaves, who appealed, is the only person who was aggrieved by the decree, and consequently this court has jurisdiction to decide only questions concerning him.

2 Ency Pl. & Pr., 514 and cases cited; Meyer v. Stone, 40 Mo. App. 289; The Steam Tug Quickstep, 9 Wall. 665.

And he can complain only of errors prejudicial to his interest.

2 Ency. Pl. & Pr., page 215.

As to the issues to which the appellant is limited in his review of this case, see

Marshalltown First National Bank v. Wright, 84 Iowa 728; Bellows v. Litchfield, 83 Iowa 36; Fisk v. Chicago R. Co., 83 Iowa 253.

Where in an equity case the party fails to appeal, he cannot have a more favorable decree than in the court below.

Charlton v. Sloane, 76 Iowa 288; Huff v. Olmstead, 67 Iowa 298.

It is well settled that a defense cannot be made for the first time in appellate court.

Barlow v. Brock, 25 Iowa 308.

The insufficiency of the complaint cannot be raised for the first time on appeal.

Carney v. Street, 41 Ind. 396; Nesley v.

Milford, 41 Ind. 413; Kennedye v. Pac. R. Co., 45 Mo. 255; Terre Haute & L. R. Co. v. City of South Bend, 42 N. E. 812; Alhambra Addition Water Co. v. Richardson, 14 Pac. 379; International & G. N. R. Co. v. Cook, 33 S. W. 888.

Declarations of the grantor made before or at the time of the execution of the instrument are admissible to show that the conveyance was made with intent to defraud creditors.

Knox v. McFaran, 4 Colo. 596; Wilcoxen v. Morgan, 2 Colo. 473; Moses v. Hatch et al., 47 N. Y. S. 554; Barnes v. George et al., 74 N. W. 854.

As to the form of the decree.

Schott v. Mavhamber, 74 N. W. 854.

### APPELLANT'S REPLY IN BRIEF.

Appellant is the only party injuriously affected by the decree, and hence the only party who could properly prosecute an appeal.

Barnes v. George et al., 74 N. W. 854.

If any other defendant had appealed the court would have been compelled on motion to dismiss the appeal.

Bullard v. Harris, 29 N. Y. Sup. 772; Hunt v. Childress, 73 Tenn. (5 Lea) 247; Brigham City v. Toltec Ranch Co., 101 Fed. 85; Page v. Havens, 60 Pac. 1096; Braswell v. Equitable Mortg. Co., 35 S. E. 322.

It is not too late to question in an appellate court, the sufficiency of the complaint, or of the facts found to support the judgment appealed from.

Slocum v. Pomeroy, 6 Cranch 221; Garland v. Davis, 4 Howard 131; Barth v. Clise, 12 Wall. 400; Hoy v. Leonard, 59 Pac. 229;

Nance v. St. Louis & R. R. Co., 79 Mo. 196; Smith v. Burrus, 106 Mo. 94; Harmon v. Callaghan, 35 S. W. 705; Peltz v. Eichle, 62 Mo. 171; Mercer v. Patterson, 41 Ind. 440; Miller v. Billingsly, 41 Ind. 489; World's Columbian Exposition v. Republic of France, 91 Fed. 64; Kentucky Life Ins. Co. v. Hamilton, 63 Fed. 99; Taylor v. Johnson, 113 Ind. 165, 15 N. E. 238.

The appellant was under no obligations to plead the statute of frauds in the court below.

Appendix to Browne on Statute of Frauds, 582, contains the sections applicable here, viz., secs. 7-8 and 9.

Necessity of pleading the statute.

Browne on Statute of Frauds, sec. 508-516; May v. Sloan, 101 U. S. 231; Feeney v. Howard; 79 Cal. 525; Busick v. Van Ness; 44 N. J. Eq. 82; John v. Norris, 22 N. J. Eq. 108; Barry v. Hill and Gillespie, 166 Pa. St. 348; Whyte v. Arthur, 17 N. J. Eq. 521.

Where the transcript is filed by appellant before any action taken by appellee, any objection that the transcript was not filed in time comes too late.

Armijo v. Abeyta, 5 N. M. 535; Owings v. Turman, 10 Peters 24; Bingham v. Morris, 7 Cranch 99; Sparrow v. Strong, 3 Wall. 103; Andrews v. Thumb, 64 Fed. 149; West Chicago Railroad Co. v. Ellsworth, 77 Fed. 664; Altenberg et al. v. Grant et al., 83 Fed. 980; Evans v. State Bank, 134 U. S. 330, 331.

Appellee has not been prejudiced, and the action of the court is well supported by authority.

Yeaton v. Lenox, 8 Peters 123; United States v. Pacheco, 20 How. 261; Wickleman v. Dick Co., 85 Fed. 851; Noonan v. Chester Park Co., 93 Fed. 576.

The power of the court over its own judgments dur-

ing the term at which they are rendered cannot be denied.

Goddard v. Ordway, 101 U. S. 752; Basset v. United States, 9 Wall. 41; Henderson v. Carbondale Co., 140 U. S. 40; Barrel v. Tilden, 119 U. S. 643; Bronson v. Shulton, 104 U. S. 410.

APPELLEE'S BRIEF IN SUPPORT OF MOTION TO STRIKE THE CASE FROM THE DOCKET.

The statutes of New Mexico regarding appeals are—

Section 3140, Compiled Laws of New Mexico, 1897, subsection 173 of sec. 2685, Compiled Laws New Mex. 1897.

And the rule of the Supreme Court on the subject is—

Article 1 of rule 5 of rules of the Supreme Court.

An appellant cannot abandon his appeal, and defeat the right of the appellee to have the judgment of the court below affirmed, by suing out a writ of error.

Insurance Co. v. Clancey, 91 Tex. 468, 44 S. W. 482; Perez v. Garza, 52 Tex. 571; Barber v. Railway Co., 9 Tex. Civ. App. 93, 28 S. W. 270; San Antonio & A. P. Ry. Co. v. Ray, 47 S. W. 477.

Where appellant has abandoned his appeal and sued out a writ of error he is not entitled to have the cause reinstated for any purpose whatever.

Baker v. Sabine, E. T. Ry. Co., 28 S. W. 270; Davidson v. Ikard (Tex. Sup.), 23 S. W. 379; Thompson v. Anderson, 82 Tex. 238, 18 S. W. 153; Verges v. Rosch, 1 Neb. 113.

Transcript must be filed within the time fixed by statute.

2 Ency. Pl. & Pr., p. 277, Giesing v. Schow-

engerdt, 24 Mo. App. 554; Durfrene v. Smeaton, 80 N. W. 267; State of Louisiana Debenture Co., 27 So. 87; Sterling v. Sterling Heirs, 35 La. Ann. 840; Wood v. Wood, 32 La. Ann. 810; Pierce v. Cushing, 33 La. Ann. 401.

When an appeal will not be reinstated.

Terhune v. Pinkney, 39 N. J. Eq. 494; Jacobs v. Shenon, 39 Pac. 193.

A party cannot pursue two remedies at the same time.

Subsection 161 of section 2685, Compiled Laws, N. M. 1897; Smith v. Norrill et al., 52 Pac. 1110.

### STATEMENT OF THE CASE.

The complaint in this case was filed on the sixteenth day of March, 1896. The defendants are Santiago Baca and Piedad Armijo de Baca, his wife, Meliton Chavez and Nieves Sarracino, the mother of Piedad Armijo de Baca. The complaint alleges that the appellee herein, Ernest Myers, had in the years 1893 and 1895, recovered judgments against Santiago Baca and Piedad Armijo de Baca, and that although executions had issued, a portion of said judgments still remain unsatisfied. That in the month of February, 1896, Nieves Sarracino delivered to the defendant Meliton Chavez, a deed by which she conveyed to the said Chavez a certain piece of land situated in Bernalillo county, N. M. This deed is in the ordinary form and contains no covenant creating a trust. The complaint further alleges that Nieves Sarracino, is the mother of Piedad Armijo de Baca, and that the real estate described in the deed, was conveyed to Meliton Chavez, for the use and benefit of Piedad Armijo de Baca, and that said conveyance was made for the purpose of preventing the appellee herein from collecting the debt still due him on his judgments, and that although the deed recites that the consideration for the

transfer of the property was $1,500, that nothing was in fact paid. The complaint further alleges that the transfer of the real estate by Nieves Sarracino to Meliton Chavez was a fraud, and asks that the real estate described in said deed may be decreed to be held in trust by the said Meliton Chavez for the defendant Piedad Armijo de Baca, that the deed to Chavez be set aside, and the real estate therein described be subjected to the payment of the judgments above mentioned, and for general relief.

To this bill of complaint the defendants, Santiago Baca, Piedad Armijo de Baca, and Meliton Chavez filed an answer, admitting that judgments were recovered as alleged in the complaint against Santiago Baca and his wife Piedad Armijo de Baca, and that the same remain in part unsatisfied. They further admit that Nieves Sarracino delivered to the defendant Meliton Chavez a deed for the property described in the bill of complaint, but they deny that the property was conveyed to Chavez in trust, for the use of Piedad Armijo de Baca and that the conveyance was made for the purposes of preventing the appellee herein from collecting the sum still due on the judgments recovered by him; they deny that while the consideration mentioned in the deed was $1,500 that no consideration passed for the conveyance, etc.

The cause was referred to a master who took the testimony and in his report found the issues in favor of the complainant, appellee herein. The court after hearing, sustained the report of the master, and on December 7, 1900, signed a decree setting aside the deed of Nieves Sarracino to Meliton Chavez, so far as it conveyed any title to him of the land in question, and decreed that the same belong to the defendant Piedad Armijo de Baca, and that the judgment be a lien on the property; and ordered, that in default of the defendants Santiago Baca and Piedad Armijo de Baca, paying the amounts due then on the judgments to the appellee herein, within

a time limited by the decree, that the real estate be sold to satisfy the same.

From this decree the defendant Meliton Chavez appealed, but none of the other defendants did so.

### OPINION OF THE COURT.

MILLS, C. J.—In deciding this case we cannot go outside of the issues made by the pleadings. The pleadings are confined to a bill and answer, and the issue as framed in the court below, and which was tried, was simply whether or not Nieves Sarracino, one of the defendants below, had conveyed certain real property, without any consideration, to the appellant herein, Meliton Chavez, for the use of Piedad Armijo de Baca, said conveyance being made with the fraudulent intent of preventing certain judgment creditors of said Piedad Armijo de Baca and her husband, from levying on the property and subjecting the same to the payment of the balance due and unpaid on certain judgments held by them.

The case comes to us on appeal with different counsel appearing for the appellant, than those who tried it below, and the reasons assigned for its reversal are mostly urged for the first time in this court, and were not considered when the trial was had before the master, nor when the hearing was had by the judge below.

It is true that in equity cases, on appeal the whole record is before the court, but section 3139, of the Compiled Laws of 1897, provided that, "no exception shall be taken in an appeal to any proceeding in the district court, except such as shall have been expressly decided in that court," consequently we will not reach out and consider in this appeal, any matter which was not directly decided in the district court. On appeals the appellant cannot change the whole theory of his defense, but is bound by that which he adopted below.

On the hearing before the master no attempt was

made to keep out evidence that the creation of the alleged trust was made by parol, on the ground that it was against the statute of frauds, which requires trusts to be made in writing, so an objection that the trust was not in writing, can not be raised for the first time on appeal; nor can the question of the sufficiency of the complaint, if not raised in the lower court be assigned as error in the Supreme Court. Carney v. Street, 41 Ind. 396; Nasley v. Milford, 41 Ind. 413; Kennedy v. Railroad, 45 Mo. 255; Terre Haute & L. R. Co. v. City of South Bend, 42 N. E. 812. The case at bar was tried upon the question of fact as to whether or not a trust was fraudulently created in favor of Piedad Armijo de Baca and not as to whether such trust was created in accordance with the statute of frauds.

It is a well-settled principle of law that appellate courts have jurisdiction to decide only questions affecting litigants who are before them, and that parties to a suit who do not appeal or join in an appeal can not be heard to allege error; if a party to an action acquiesces in a judgment against him he thereby waives the right to have such judgment reviewed by an appellate court, and is presumed to be satisfied with the judgment rendered; 2 Cyc. 644; 2 Ency. P. & P. 514; and an appellant can complain only of errors which affect himself and can not take advantage of errors affecting a coparty's interest, where such coparty does not appeal. 2 Encyl. P. and P. 515. The only exception to this rule is where the interests of coparties are joint, and an error has been committed jointly affecting them.

In the case at bar neither Nieves Sarracino, the grantor of the property in controversy in this suit, nor Santiago Baca, nor Piedad Armijo de Baca appeal, and they are consequently presumed to be satisfied with the judgment rendered by the trial judge below. Charlton v. Sloan, 76 Iowa 288. The only party who appeals is Meliton Chavez, to whom the property was fraudulently conveyed as trustee for Piedad Armijo de Baca, as found

by the master and the court below.    This brings the
issues involved in this appeal within very narrow limits,
and involves only the single question as to whether or
not the court below was justified in finding from the evi-
dence that the property in controversy was conveyed by
Nieves Sarracino to Meliton Chavez, charged with a
secret trust to the use and benefit of Piedad Armijo de
Baca, and in fraud of the creditors of said Piedad
Armijo de Baca.

The evidence as it appears in the printed transcript
of record now before us, bearing on this point, is not as
full and satisfactory as we would like to have it, and
possibly from the very nature of the case, for fraudulent
conveyances are usually made quietly and under cover,
it may have been impossible to get such evidence.    The
master who took the testimony realized that the proofs
were not as convincing as he would have liked them to
have been, for at the very beginning of his report he
says :

"The master is confronted in this case at the outset
with the fact that there is an unequivocal and flat con-
tradiction between the witnesses for plaintiff and de-
fendant.  The two witnesses for plaintiff swear positively
that certain facts as alleged in the bill of complaint are
true.  The three witnesses for the defendants swore as
positively that they are not true.    Under such circum-
stances we are forced to look into and ascertain the rela-
tive positions and interests of the parties to the matter
in controversy in order to determine what weight should
be given to their testimony."  The master then proceeds
to give the reasons which caused him to make the findings
of fact and conclusions of law which are contained in
his report.    There certainly is ample evidence in the
record, particularly that of Nieves Sarracino, the mother
of Piedad Armijo de Baca, who conveyed the property,
whose testimony, to quote from the master's report "not
only could not benefit herself, but is directly against her
interest and desires, as it would take the property and

its benefits away from her daughter and sons-in-law and permit creditors to levy on the same."

We did not hear the witnesses testify, and did not note their manner, actions and conduct while on the witness stand giving their evidence, and consequently we are not as well qualified as the master who heard them, to judge what weight should be given to the testimony of each of them.

The errors assigned on this appeal are carefully and skillfully drawn, and reflect great credit upon the skill and legal acumen of the learned counsel who prepared them. If they had been presented during the early stages of the case and had been pressed with only a small part of the vigor with which they have been urged on the hearing of this appeal, this case would if before us at all, probably be in a very different shape than that in which it has been presented to us. The learned counsel however, who tried it below, had a different theory of what the defense should be, and tried the case on that theory. Had the other defendants appealed, different issues would have been presented to us for consideration, than those which we are now considering. Thus had Nieves Sarracino appealed, she might well have contended as claimed by the counsel for appellant, that if the deed from her to Meliton Chavez did not convey the title to him, that the same still remained in or should revert to herself, but as she did not question the correctness of the decree, and has not appealed, presumably she is satisfied with it, and the disposition which it makes of the land. Meliton Chavez being divested of the property by the decree, can not question the disposition which the court may make of it, for if he no longer has any interest in it, either in his own right or as trustee, it is nothing to him what becomes of it.

We have not the slightest doubt but that Nieves Sarracino might have lawfully conveyed to a trustee the property in question, or any other property, which she owned in fee, by properly-drawn instruments in writ-

ing, for the benefit of whoever she saw fit, nor have we any doubt but that if the deed of trust had been properly drawn, that the property and its income would have been beyond the reach of any creditor of the *cestui que trust,* but such a state of facts is not disclosed by the record before us, as the deed to Meliton Chavez has no covenants in it creating a trust, and the grantor testified in substance that she had conveyed the land to Chavez in order to have it safe for Mrs. Baca and to prevent its being taken away by Santiago Baca's creditors.

There is no reversible error apparent in the record, and the judgment of the court below is therefore affirmed, and it is so ordered.

Parker, McFie and McMillan, JJ., concur.