180 P.2d 246

SANCHEZ v. NEW MEXICO STATE TAX COMMISSION et al. (MIDDLE RIO GRANDE CONSERVANCY DIST., Intervenor).

No. 5007.

Supreme Court of New Mexico.

April 28, 1947.

Wilson & Whitehouse, of Albuquerque, for appellant.

M. A. Threet and D. A. McPherson, Jr., both of Albuquerque, for appellee-intervenor.

E. P. Ripley, of Santa Fe, for appellees.

McGHEE, Justice.

The relator seeks the reversal of a judgment denying a writ of mandamus to compel the issuance to him of a tax deed covering property formerly owned by him and on which there are a large number of past due and unpaid assessments to the intervenor, Middle Rio Grande Conservancy District, under the provisions of Sec. 76-740 Comp.Stat.1941.

Sanchez failed to pay the state and county taxes on his land and in due course it was sold to the state. The finding of the court that the land was also sold for past-due conservancy assessments is without support in the record and must be set aside.

The respondent declined to issue a deed to relator because he refused to also pay the past-due conservancy assessments, and the conservancy district has intervened to assist in protecting its lien.

The applicable part of Sec. 76-740, supra, reads: "Section 76-740. The person or any lien holder whose title to or interest in property which has been extinguished by the issuance of a tax deed to the state shall have the first and prior right to repurchase such property, provided that application for such repurchase is received by the state tax commission before any other application to repurchase such property is received and accepted by said commission."

We construed this statute in Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204, 205, and stated:

"We think the exercise by the 'person whose title to property has been extinguished by the issuance of a tax deed to the state,' of the exclusive privilege accorded to him is nothing more nor less than redemption of the property and the title thereto which has been so extinguished.

"The transaction is not essentially different from redemption before a tax deed is issued.

"Section 76-708 provides that: 'the tax sale certificate shall vest in the purchaser * * * the right to a complete title to the property described therein,' subject to the right of redemption as provided by law. In neither case (under 76-708 or 76-740) is the sale of the taxed property nor the subsequent proceedings a final and irrevocable divestiture of the title of the owner, or former owner, so long as the privilege of recapture extended to such owner, or former owner, may be lawfully exercised.

"As between redemption before deed is issued to the state and repurchase afterwards the result, so far as the person whose title has been extinguished is concerned, is the same. The mechanics only, are different. An examination of the definitions of the words 'redeem' and 're-purchase' found in Words and Phrases, Permanent Edition, Vols. 36 and 37, respectively, shows uniform holdings of the courts to the effect that the words are synonyms."

The relator will, therefore, retake his property with the taxes paid for the year for which it was sold to the state, but burdened with the unpaid conservancy assessments, and the intervenor will have the same remedies for their collection as it had before the sale. The relator cannot by allowing his property to be sold to the state and then redeeming it, extinguish valid liens thereon.

The judgment will be reversed and the case remanded to the district court with instructions to issue the peremptory writ, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.