244 P.2d 781

**CHAVEZ v. CHAVEZ et al.**

No. 5468.

Supreme Court of New Mexico.

May 22, 1952.

See also 54 N.M. 73, 213 P.2d 438.

O'Sullivan & Dunleavy and Robert Emmet Clark, Albuquerque, for appellants.

Owen B. Marron and Alfred H. McRae, Albuquerque, for appellee.

Maurice Sanchez, Albuquerque, for intervenor.

McGHEE, Justice.

The former opinion is withdrawn and the following is substituted:

In this case we have a decree foreclosing judgment liens in favor of the plaintiff and intervenor against the one-half interest of Alfonso Chavez in a tract of land in Bernalillo County.

In 1946 the defendants, who were then and are still husband and wife, purchased the realty and made a down payment of $1,000 from community funds. The wife later paid $500 on the purchase price with money given to her by her father but he was later reimbursed for the full amount from community funds. The balance was paid off monthly from community funds through two security transactions. The property was deeded to the defendants Chavez as joint tenants, and they have been in actual possession of it since the time of its purchase.

On July 23, 1948, the plaintiff herein filed suit against the defendant, Alfonso Chavez, for a tort, and on July 31 following the latter deeded his interest in the property in question to his wife, Dora Chavez, in order, as he testified and the trial court found, to prevent it being subjected to the payment of a judgment in the tort case. On January 8, 1949, the plaintiff recovered judgment against Alfonso Chavez for $3,500. The judgment was docketed immediately in the office of the County Clerk of Bernalillo County. Executions were issued on the judgment and returned *nulla bona*. The judgment remained unpaid and on February 4, 1950, this action was filed to foreclose such judgment lien. The United States of America was allowed to intervene as of March 1, 1950, and seek foreclosure of a judgment lien held by it against Alfonso Chavez.

The trial court found the conveyance of July 31, 1948 from Alfonso Chavez to Dora Chavez was without consideration and made for the purpose of defrauding his creditors. It was set aside and Alfonso Chavez was adjudged the owner of a one-half interest in such real property, and the judgment liens were ordered foreclosed against such interest, subject to a prior lien held by defendant Orr. We will treat the case as if the deed from Alfonso Chavez to his wife had not been made.

The property had actually been sold in the year 1937 to the State of New Mexico for delinquent taxes, and deed therefor seasonably filed for record in the office of

the County Clerk and then delivered to the Tax Commission. On February 2, 1950, the defendant Dora Chavez, as one of the grantees in the deed from the former owner, exercised the preferential right of repurchase granted by Sec. 76–740, N.M.S.A. 1941 Comp., by paying to the State Tax Commission the sum of $8.86 and securing its deed to the property in which she is named as the grantee.

The deed from the former owner to the defendants Chavez purported to convey a fee simple title to them and it was so treated by such grantees; but, as the property had theretofore been sold to the State of New Mexico for delinquent taxes, it actually conveyed only the preferential right of repurchase. We have held this is nothing more than a right of redemption. Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204; Sanchez v. New Mexico State Tax Commission, 51 N.M. 154, 180 P.2d 246. In the latter case we also held valid liens existing against real property at the time of its sale to the State survive a tax sale where the former owner redeems under section 76–740, supra. The contention of the defendants Chavez that Dora Chavez secured a new title from the state when she obtained the deed from the State Tax Commission is denied.

It is a well settled principle of law that a redemption from a tax sale by one cotenant operates as a redemption for all cotenants. Smith v. Borradaile, 30 N.M. 62, 227 P. 602; 14 Am.Jur. (Cotenancy) Sec. 54, p. 123. Cf. Zaring v. Lomax, 53 N.M. 273, 206 P.2d 706. Such doctrine will be applied in this case. With the property redeemed from the tax sale the title thereto became vested in the defendants Chavez as joint tenants, each owning a half interest therein, and the judgment liens attached to the one-half interest of Alfonso Chavez.

The defendants Chavez further contend that as the money with which the redemption was made was a gift to Dora Chavez by her father this destroyed the joint tenancy of Alfonso Chavez and the entire title became vested in Dora Chavez. Alfonso Chavez owes her half of such amount, but such fact does not change the character of the interests. Langhurst v. Langhurst, supra.

Our approval of the transmutation of community funds into property held in joint tenancy by husband and wife is directly contrary to our decisions in McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250, and Newton v. Wilson, 53 N.M. 480, 211 P.2d 776, which cases we now expressly overrule. We adopt the dissenting opinions of Mr. Justice Sadler in each case so far as they state his construction of the statute, Sec. 65–206, N.M.S.A. 1941 Comp., declaring either husband or wife may enter into any engagement or transaction with the other, or with any

other person respecting property, which either might, if unmarried; subject, in transactions between themselves, to the general rules of common law which control the actions of persons occupying confidential relations with each other. See Clark, Transmutations In New Mexico Community Property Law, 24 Rocky Mt.L.Rev. 273.

Proof to support such transmutation must be clear, strong and convincing; a mere preponderance of the evidence will not suffice to effect it.

As the author of the opinion in Newton v. Wilson, and the trial judge in McDonald v. Lambert, which was affirmed on a ground different from that on which the writer actually decided the case, a personal word in explanation may be pardoned. The writer favored overruling McDonald v. Lambert in the Newton case, but as a majority could not be marshalled so to do and the same result would have followed had the contract in question been held legal, he did not note his disagreement with the McDonald case, but went ahead and wrote the majority opinion as printed. Now that a majority can be obtained to overrule these cases and thus give the statute, Sec. 65-206, supra, the vitality and effect which the writer believes was intended by the legislature when it was enacted, he willingly assumes the task.

The defendants Chavez say they have occupied the property as a home since 1946; that Alfonso Chavez is now and was the head of the family at the time of the execution and delivery by him of the deed to his wife, and, therefore, he was and is entitled to a homestead exemption of $1,000, and that although his deed was made with the intention of preventing the plaintiff subjecting his interest to the payment of a judgment it cannot be set aside for such reason. They cite numerous authorities in support of such contention. That question, however, was not presented to the trial court and it may not, therefore be considered here. National Agricultural College v. Lavenson, 55 N.M. 583, 237 P. 2d 925. If Alfonso Chavez desired to claim a homestead exemption, he should have claimed it in his answer in accordance with the provisions of Sec. 21-116, N.M.S.A.1941 Comp.

The remaining contentions of the defendants Chavez are without merit under the facts present in this case.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.