303 P.2d 696

**Raquella Gomez GURULE, Plaintiff-Appellee,**

v.

**Ramoncita Gomez De CHACON and Arthur Chacon, Defendants-Appellants.**

No. 6110.

Supreme Court of New Mexico.

Nov. 14, 1956.

Jethro S. Vaught, Jr., Albuquerque, for appellants.

Coker, Boyd & May, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an action in partition. The complaint alleges that appellee and two sisters,

Victoriana Gomez Sandoval and appellant, Ramoncita Gomez de Chacon, are the owners as tenants in common of the premises involved; that each owns an undivided one-third interest therein. The answer denies all allegations of substance. Further answering, and by way of counterclaim, appellants claimed the fee title to the whole of the premises. The trial court concluded that the three sisters were tenants in common and partitioned the same among them, and appellants appeal.

The title stems from Eugenio Gomez and Victoriana P. de Gomez, parents of the parties, who died intestate in 1922 and 1930 respectively. They left surviving them other children, but they are not concerned here. The estates were currently probated, beginning in 1930, and appellant, Ramoncita Gomez de Chacon, was the administratrix of both estates. The estates were closed May 8, 1933. As a part of the assets of the estates there were 18 acres of land, a portion of which was subsequently designated as Tracts 115–A, 115–B, and 115–C, Map 27, Middle Rio Grande Conservancy District, the premises here involved.

While the estates were in the process of probation, Ramoncita Gomez de Chacon failed to pay the taxes assessed against the estates for the years 1931, 1932, and 1933, and the property was sold to the State in 1937. On March 24, 1952, appellant, Arthur Chacon, husband of Ramoncita, purchased Tracts 115–A and 115–C, and appellant, Ramoncita, purchased Tract 115–B from the State for delinquent taxes, penalties and interest so assessed for said years.

The conclusion must be sustained. The payment of taxes was an obligation of the administratrix under the facts. One thus obligated may not through his own default obtain advantage by purchase of a tax title. The purchase under such circumstance will be deemed by a court of equity as payment of taxes for the benefit of all, subject to contribution. Smith v. Borradaile, 30 N.M. 62, 227 P. 602; Matlock v. Mize, 55 N.M. 218, 230 P.2d 246; Akin v. Loudder, 201 Okl. 47, 200 P.2d 763; McAlpine v. Meehan, 312 Mich. 107, 19 N.W. 2d 765. Compare Zaring v. Lomax, 53 N.M. 273, 206 P.2d 706.

In 1933 or 1934, when appellee was of the age of 14 or 15 years, the adult heirs made a family settlement of the 18 acre tract, dividing it into nine parts, and set aside to appellee Tract 115–A. Appellants make the contention that since the 18 acre tract had been partitioned, the rule as to cotenancy does not apply. This contention cannot be sustained. Appellee knew of the parol partition but it was never carried out by her. At no time, before or after attaining her majority, did she take possession of the tract, assert acts of ownership, or do other things denoting an acceptance of the oral agreement. Madrid v. Borrego, 54

490

N.M. 276, 221 P.2d 1058; Smith v. Borradaile, supra. Furthermore, appellants' title is based on a sale of the property for taxes accruing prior to the partition.

■ It is contended that appellee is guilty of laches and is thereby estopped to maintain the action. This contention likewise is without merit. Appellants have been in possession of all three tracts since the parol partition was made. Incidentally, they took the tract with the improvements, the dwelling house, as their share. Appellee made her home with appellants until 1940, when she married and established a home of her own. In 1941, she inquired of her sister, Ramoncita, as to the tract of land previously awarded to her, and appellant gave her an evasive answer, and she did nothing more about it until 1949. She then informed her sister, Ramoncita, that she wanted to build a house on her tract and wanted to pay all taxes on it. Again Ramoncita brushed her off by saying "she had lost the deeds". It was not until 1952 that appellants informed her of the actual status of her property—that they had purchased it. Since there was no severance of the common property, a mere lapse of time did not dissolve the cotenancy. Hollaway v. Berenzen, 208 Ark. 849, 188 S.W.2d 298;

Corn v. First Texas Joint Stock Land Bank of Houston, Tex.Civ.App., 131 S.W.2d 752; Yarwood v. Johnson, 29 Wash. 643, 70 P. 123. Nor did appellants' possession of the tracts involved, lend support to their claim; the possession of one cotenant of the common property, is deemed to be possession by all. Johns v. Scobie, 12 Cal.2d 618, 86 P.2d 820, 121 A.L.R. 1404; Miller v. Murphy, 119 Mont. 393, 175 P.2d 182.

■ The trial court required contribution of $254.65, without interest, being one-third of the amount expended by appellants for taxes, and assigned as error is the refusal of the court to allow statutory interest. True, the Statute, § 72–8–9, 1953 Comp., provides that a former owner may redeem from tax sale by payment of interest from the date of sale at the rate of one per cent per month, but other considerations were involved here. No doubt the trial court took into consideration, among other things, the long use made of the common property by appellants in making the division. We cannot say the adjustment was inequitable.

The judgment should be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.