329 P.2d 1027

**Cruz H. ORTIZ, Plaintiff-Appellee,**

v.

**Eva GONZALES, a/k/a Mrs. Salomon Gonzales, Defendant,**

and

**Fabiola Ortiz de Moreno, Intervenor-Appellant.**

No. 6384.

Supreme Court of New Mexico.

Sept. 12, 1958.

Donald A. Martinez, Las Vegas, for appellant.

Schall & Sceresse, Albuquerque, by Alexander F. Sceresse, Albuquerque, for appellee.

McGHEE, Justice.

The controversy on appeal is between intervenor-appellant, Fabiola Ortiz de Moreno, and plaintiff-appellee, Cruz H. Ortiz. Intervenor appeals from a judgment against the defendant below, Eva Gonzales, in the Bernalillo County Court awarding the plaintiff the sum of $1,069.30 as the balance due on the sale of an undivided property interest in a hotel by John G. Ortiz, the former husband of the intervenor and of the plaintiff in that order, and as awarded to the plaintiff in her divorce proceedings against John G. Ortiz. The facts forming the basis of this appeal are substantially as follows:

Intervenor married John G. Ortiz in 1924 and filed suit for a divorce in the San Miguel County District Court in 1948. A decree was rendered January 12, 1949, and filed February 2, 1949, dissolving the marriage but making no division of the community property, the court retaining jurisdiction

"to give the parties hereto an opportunity to settle between themselves their community property rights, provided that if the parties hereto are unable to settle their community property rights by February 7, 1949, the Court will, on said day, proceed to hear further evidence concerning the community property of the parties hereto and make such further orders as may be proper the premises considered."

During their marriage intervenor and her former husband acquired certain community property, including an undivided one-half interest in the Plaza Hotel in Las Vegas, New Mexico, the other one-half being owned by Salomon Gonzales, now deceased, and his wife, Eva Gonzales, defendant below. Subsequent to the divorce proceeding, in September 1949, intervenor and John G. Ortiz, as parties of the first part, but not as husband and wife, the divorce having been granted, entered into an agreement with Salomon Gonzales and his wife, Eva Gonzales, as parties of the second part. By the terms of this agreement, the Ortiz parties agreed to convey to the Gonzales

parties their interest in the hotel and in return the Gonzales parties agreed to assume and pay off certain indebtedness against the property and further, that

> " * * * the parties hereto shall endeavor to sell said property known as the Plaza Hotel * * * together with the furniture and equipment therein, for the sum of not less than $40,000."

In the event of a sale the Gonzales parties were to pay one fourth of the proceeds less deductions including one half of the monies paid or to be paid by them on the Ortiz note and mortgage to John G. Ortiz and likewise one fourth of the proceeds less similar deductions to the intervenor, Fabiola Ortiz de Moreno, then Fabiola Ortiz.

On August 9, 1949, however, prior to the execution of this agreement, John G. Ortiz married the plaintiff, Cruz H. Ortiz. He deserted her in November 1949, after he had received the sum of $1,000 cash from her sole and separate estate and had pledged her credit in the sum of $3,000 for his exclusive benefit, leaving her to bear the expenses of the birth of a child born of the marriage in May 1950 and to support it thereafter.

On August 11, 1950 plaintiff filed suit for divorce from John G. Ortiz in the Bernalillo County District Court and a decree of divorce was entered November 22, 1950, which decree provided, in part:

> "That Salomon Gonzales and Mrs. Salomon Gonzales pay to the plaintiff the sum of Twelve Hundred ($1,-200) Dollars, *or whatever sum is due and owing the defendant, to the plaintiff, to apply upon any award which may hereafter be made to the plaintiff out of the sole and separate estate of the defendant,* in partial repayment of the advances of money made by plaintiff to the defendant and for expenses sustained by the plaintiff, and that upon payment to the plaintiff of said amount by said Salomon Gonzales and Mrs. Salomon Gonzales the latter parties shall be forever discharged of any liability to the defendant for such indebtedness." (Emphasis added.)

It is noted that no mention of any other findings of this court was made in the briefs nor was there a copy of the decree included in the transcript. Further, the trial court found in finding No. 6 that Salomon and Eva Gonzales consented to the entry of this decree with respect to the debts sued on in the action underlying this appeal. Although intervenor-appellant has repeatedly asserted they were not parties to this proceeding, no evidence appears in the transcript one way or another, so we accept the finding they were present in court and consented to the judgment which was rendered. Thus, the opinion rests on the assumption that the defendant below

participated in the Bernalillo County divorce proceeding.

Later, on May 22, 1951, judgment in the nature of a final decree was entered by the San Miguel County District Court in intervenor's divorce proceeding awarding to her all of the community property belonging to her and John G. Ortiz, less attorney's fees, as permanent alimony. An appearance was made for the defendant by his attorney of record. The material findings of that court follow:

"4. That this Court heretofore rendered a Decree of Divorce on the 12th day of January, 1949, and in said Decree retained jurisdiction of this cause for the purpose of making such provisions for the support of the minor children as circumstances may warrant, and to give the parties hereto an opportunity to settle between themselves their community property rights.

"5. That the parties hereto have been unable and have not settled their community property rights."

It is noted that no copy of the first original decree in this proceeding, however, is to be found in the transcript, but only an excerpt therefrom. Hence, it must be assumed that the sole basis for the retention of jurisdiction is set forth in the excerpt, as above stated.

Apparently nothing further was ever done with respect to the agreement concerning the Plaza Hotel or the alleged debt owed by the Gonzales parties to John G. Ortiz, until September of 1955 when plaintiff filed this suit in Bernalillo County against the defendant, Eva Gonzales, Salomon Gonzales being then deceased, alleging that Eva Gonzales was indebted to her in the amount of $1,200 by reason of the provision contained in her divorce decree, and had failed and neglected to pay the same.

The defendant, by her answer, denied that she was indebted to plaintiff in any sum whatsoever, setting forth the provisions of the Ortiz-Gonzales agreement, and alleging that no purchaser had been found for the hotel and that by reason of the final decree in the San Miguel County divorce proceedings she was indebted to intervenor in the sum of $1,200 upon the sale of the Plaza Hotel. (Apparently, as asserted by plaintiff-appellee, these defenses were abandoned in the trial court, the defendant, by her attorney, orally agreeing to pay such sum as the court found due to such party as the court determined.)

On September 17, 1956 intervenor filed a motion to intervene on the grounds that the debt, if any, owed by the defendant to John G. Ortiz and awarded to plaintiff in her divorce proceedings, was community property awarded to intervenor by the final decree in the San Miguel proceedings. The motion was granted and at a hearing attended by the attorneys in the case the

matter was submitted to the trial court on the pleadings including the September agreement, the final decree in the first divorce proceedings, and excerpts from the first decree in the first divorce proceedings and the decree in the second divorce proceedings. Plaintiff and intervenor submitted requested findings of fact and conclusions of law and the trial court entered its findings and conclusions as requested by plaintiff, and thereafter on November 7, 1957, judgment was entered in favor of plaintiff and against the defendant for the sum of $1,069.30.

█ Intervenor first contends the lower court erred in sustaining the judgment of the Bernalillo County District Court as against the later final decree of the San Miguel County District Court on the theory that as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a subject matter retains it to the end, with certain exceptions.

As a statement of a general proposition of law, intervenor is correct and this court has so decided. Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075. See also, State ex rel. Parsons Mining Co. v. McClure, 17 N.M. 694, 133 P. 1063, 47 L.R.A.,N.S., 744, §§ 22–7–3, 22–7–6, N.M.S.A., 1953.

But we believe the facts of this case take it out of the operation of the general doctrine of custodia legis notwithstanding they do not bring the case within the exceptions noted in the Parsons case.

In Greathouse v. Greathouse, cited above, the controversy was between the divorced wife and a judgment creditor of the husband who, during the pendency of a proceeding to vacate the divorce decree on the ground that the husband allegedly failed to disclose certain shares of stock allegedly belonging to the community, had instituted an action on a note in another court, recovered judgment, and caused execution to issue against the shares of stock. The divorce court found that the res was a part of the community, that it was in custodia legis at the time the judgment creditor attempted to execute upon the same, and granted the property to the divorced wife and her attorneys. This court on appeal held that the issuance of a restraining order by the divorce court restraining the husband and the corporation from disposing of the stock until further order "effectively conferred jurisdiction of the res on the divorce court and subjected the shares of stock to the jurisdiction of the court having jurisdiction of the marital status of the parties." [64 N.M. 21, 322 P.2d 1076.]

█ We are of the opinion, however, that the situation at bar is distinguishable from that in the Greathouse case in at least three important particulars and that as to the property involved the intervenor is estopped to assert that another court of concurrent jurisdiction may not acquire jurisdiction thereof.

First, the retention of jurisdiction by the San Miguel Court was conditioned upon the inability of the parties to settle their community property rights and in such event the court was to do so on February 7, 1949. In the Greathouse case the proceeding concerning a division of the community property was pending at the time the judgment creditor instituted action on the note in another court and this court held that the divorce court first acquired jurisdiction of the res by issuance of the restraining order. Here, after dissolution of the bonds of matrimony, no division of the community property was made at the time set and was not made until two years later in 1951.

■ Second, in September 1949, a short time after the husband remarried in August 1949, the husband and his former wife entered an agreement disposing of their undivided community interest in the Plaza Hotel receiving in return therefor the assumption of the community obligations consisting of a note and mortgage thereon and a separate contingent interest each in one fourth of the proceeds in the event any of the parties to the agreement arranged for the sale of the Hotel for $40,000 or more. This written agreement evidences such a settlement of community property rights as contemplated by the decree of the San Miguel Court and further, under present New Mexico law, the agreement was sufficient to transmute the community property into the sole and separate property of the respective spouses. Chavez v. Chavez, 56 N.M. 393, 244 P.2d 781, 30 A.L.R.2d 1236; § 57–2–6, N.M.S.A., 1953; Clark, Community of Property and the Family in New Mexico, 25–27 (1956). Thus, as distinguished from the Greathouse case, the property involved here was not the community property, but the husband's share in the community, which by the agreement was converted into his sole and separate estate notwithstanding the fact that the court could award such reasonable portion thereof to the wife as alimony by virtue of Section 22–7–6, N.M.S.A., 1953. Note too, that by Section 22–7–3 and 22–7–6, N.M.S.A., 1953, a court acquires exclusive jurisdiction over the property involved for purposes of a division of the property, or a modification of the decree as to payments for alimony, maintenance, and education of the minor children, but this does not mean that such court may retain such jurisdiction indefinitely or that another court of concurrent jurisdiction may not acquire jurisdiction over the property at a time when the proceeding is apparently settled.

Third, the Greathouse case indicates that the divorce court must take some affirmative action asserting jurisdiction over the res. Mere retention of provisional jurisdiction without an assertion thereof would seem insufficient.

■ In view of the provisional decree of the San Miguel Court, the September

452

agreement of the intervenor pursuant to such decree, and the fact that intervenor's motion for a hearing in the San Miguel Court for further proof concerning the community property rights was not made until some six months after the divorce decree in the second court, and over two years after the divorce decree in the first court, we hold the intervenor is now estopped as against the plaintiff to claim the agreement was not a transmutation of community property into separate property liable for the husband's independent obligations. Further, we hold that until the San Miguel Court took some affirmative action asserting the retained jurisdiction such as a review of the September agreement to determine the equities of the parties therein, a second court could acquire jurisdiction over the sole and separate property of the husband.

As we have held that the agreement converted the property into the sole and separate estate of the husband, other arguments presented under this point are immaterial as they are predicated on the assumption that such property was community property.

Intervenor next contends that the trial court erred in holding the decree of the Bernalillo County Court was effective to attach the community property of intervenor and her former husband as against intervenor and the defendant below, they not having been made parties to the Bernalillo County suit, and there being no sum due or owing to intervenor or her former husband unless and until the Plaza Hotel is sold by defendant for the amount specified in the contract.

It is urged that the court's findings do not support its conclusion of law.

In Finding No. 5 the court stated that plaintiff's divorce decree had awarded the sum of $1,200

"or whatever sum is due and owing the defendant, to the plaintiff, to apply upon any award which may hereafter be made to the plaintiff out of *the sole and separate estate of the defendant* * * *" (Emphasis added).

The court then concluded:

"2. That *the community property of John G. Ortiz and Intervenor* was subject to the debts of John G. Ortiz; that the decree entered in Bernalillo County Cause No. 45,140 has the effect of reducing the debt due Plaintiff to judgment and further specifically designates the fund from which it is to be recovered." (Emphasis added.)

It is, however, well settled that if the trial court's judgment can be sustained upon correct legal principles it will not be reversed merely because the reasoning

or conclusion of law is erroneous. Atma v. Munoz, 48 N.M. 114, 146 P.2d 631; Heron v. Garcia, 48 N.M. 507, 153 P.2d 514; Flanagan v. Benvie, 58 N.M. 525, 273 P.2d 381.

Hence, this conclusion of law is not controlling, because the trial court was in effect in enforcing the Bernalillo decree reiterating that the award was out of the "defendant John G. Ortiz' sole and separate estate".

■ The contention that intervenor and defendant were not made parties to the Bernalillo County Court divorce proceeding is without merit. As noted above the trial court finding that defendant had consented to entry of the decree must be sustained. As the intervenor is estopped by the September agreement and thus had no interest in the sole and separate property of her former husband until the final decree was entered in May 1951, it is immaterial that she was not made a party to such proceeding.

■ Next it is urged that in view of the fact that under the terms of the contract nothing was to be paid to either John G. Ortiz or intervenor unless and until the Plaza Hotel was sold for $40,000 the decree could have only awarded to the plaintiff the right of John G. Ortiz under the contract, which is not a liquidated amount, and may never be, but is simply a chose in action. In view of the fact that the defendant below consented to the entry of the decree in the Bernalillo divorce proceeding and did not appeal therefrom she is bound by that court's determination since we have determined it had jurisdiction over the sole and separate property of the husband. On the basis of the contractual agreement alone, the intervenor's position has much merit as a defense to a garnishment action. For example, see 2 A.L.R. 506. However, the divorce decree in this respect operated as an in personam judgment against the defendant, specifying specific funds for the payment thereof, which, as stated, was not appealed from, and therefore is binding on the trial court where suit was brought to enforce it.

It is noted that the defendant has not appealed from this judgment and further that under the contract the hotel might never be sold since the procurement of a purchaser is within the discretion of the intervenor and the defendant, parties adverse to the interests of the plaintiff.

The judgment of the trial court is affirmed and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.