380 P.2d 825

**Virginia LOHBECK, Plaintiff-Appellee,**

**v.**

**Don LOHBECK, Defendant-Appellant.**

**No. 7161.**

Supreme Court of New Mexico.

April 15, 1963.

Patricio Sanchez, Annette R. Shermack, Santa Fe, for appellant.

M. W. Hamilton, Santa Fe, for appellee.

COMPTON, Chief Justice.

This is an appeal from an order of the district court adjudging the appellant guilty of contempt and sentencing him to 90 days in the county jail.

Appellant appeals on the ground that he was denied a fair and impartial trial in criminal contempt proceedings; that the acts alleged to have been committed by him were not in contempt of court; and that there is no substantial evidence to support his conviction.

The contempt charge grew out of appellant's action in transferring title to certain community personalty to the Madrid Corporation, of which he was the principal stockholder, after the divorce complaint and answer thereto had been filed and in which the particular personalty transferred had been alleged generally and admitted to be community property, but before the entry of a decree of the court either granting the divorce or making distribution of the community property. Another basis of the charge was the filing by the appellant of a replevin action in the name of Madrid Corporation for the recovery of property held by appellee under court order.

In her petition for contempt, it was appellee's position that the court had acquired jurisdiction of all of the community property in the pending suit and that appellant by filing the replevin action was acting in direct violation and contempt of the orders of the court. When he appeared at the hearing he admitted the property transfer prior to any order of court or divorce decree but denied that it constituted contempt. He made no answer to the charge of causing the replevin action to be instituted and no proof thereof was produced.

The appellant contends here that the acts alleged by the petition and admitted by him do not constitute contempt. We think his position is well taken with respect to the conveyance prior to the entry of any order by the court. During coverture the sole power of disposition of the personal property of the community was vested in him. Section 57–4–3, 1953 Compilation. If during pendency of the proceeding, had appellee desired to prevent the husband from disposing of the community personalty, resort was available by invoking Section 22–7–6, 1953 Compilation. It is the restraining order that effectively confers jurisdiction of the res on the court. Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075; Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027.

Other questions are urged for a reversal of the order of the court but, in view of what has been said, a discussion of them is rendered unnecessary to a decision.

**80**

The cause is remanded to the trial court with directions to set aside his order and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY and MOISE, JJ., concur.