537 P.2d 1389
**Robert M. LAURA, Plaintiff-Appellee,**
v.
**Ray E. CHRISTIAN et al., Defendants-Appellants.**
**No. 9874.**

Supreme Court of New Mexico.
July 16, 1975.

---

1. § 41–23–20(d), N.M.S.A., 1953 (Supp. 1973).

2. § 41–23–37, N.M.S.A., 1953 (Supp.1973).

**128**

Robertson & Robertson, G. Gordon Robertson, Raton, for defendants-appellants.

Robert S. Skinner, Raton, for plaintiff-appellee.

## OPINION

OMAN, Justice.

This appeal is from a judgment quieting title in plaintiff-appellee (Laura) to a parcel of real property known as Fireside Lodge. We reverse as to appellant (Christian) and remand with directions.

There were several defendants, including Christian, named in the proceedings below, but only he has taken and perfected an appeal pursuant to Supreme Court Rules 5, 7, 10, 12, 14 and 15 [§§ 21–2–1(5), (7), (10), (12), (14) and (15), N.M.S.A. 1953 (Repl. Vol. 4, 1970)], which were applicable to this appeal but which have since been superseded. The other defendants are presumed to have been satisfied with the judgment of the district court. Chavez v. Myers, 11 N.M. 333, 68 P. 917 (1902). In any event, they have failed to perfect an appeal, and, therefore, are bound by the judgment.

Christian claims only a one-fourth interest as a tenant in common with Laura in the Fireside Lodge. Thus, this appeal and our decision relate only to this claim and to the admitted right of Laura as a cotenant to a lien upon Christian's interest to secure the payment by him of his proportionate share of all sums expended by Laura to protect and preserve their common property.

The property was subject to a mortgage lien at the times Laura and Christian acquired their respective interests. Thereafter, one payment on the principal and several payments of interest were made on the mortgage indebtedness which were contributed to by the cotenants. However, the subsequent payments as called for by the mortgage instruments were not paid, and the mortgagee instituted a foreclosure action on August 31, 1971. This suit proceeded to judgment in favor of the mortgagee, and a foreclosure sale was ordered for April 11, 1972. On April 10, 1972, Laura, in order to protect the property from sale, paid the mortgagee the sum of $17,288.40, which represented the amount of the judgment, interest and expenses owing to the mortgagee.

Although Christian and other claimants to an interest in the property had knowledge as early as July, 1971, that foreclosure was being threatened, they failed to

assume their respective obligations to pay their proportionate shares of the mortgage indebtedness as it became due, and failed to take any action to avoid the sale of the property. It was not until after it became apparent that the value of the property had been greatly enhanced by the execution on March 29, 1972 of what in effect amounted to an option to purchase adjoining lands and which was exercised by the optionee on July 19, 1972, that Christian demonstrated any real interest in the property and any willingness to pay any share of the indebtedness which was discharged by Laura on April 10, 1972.

■ However, the fact remains that Christian had and still has legal title to a one-fourth interest in the property, and on January 9, 1973, at the commencement of the trial in the cause now on appeal, agreed to the payment of his proportionate share of the expenditures made by Laura to protect the property and to the imposition by the district court of a lien upon his interest to secure payment thereof. The general rule as to reimbursement, or contribution, from a cotenant in a situation such as is here presented is as follows:

"As a general proposition, a cotenant who pays more than his share of a debt secured by a mortgage or other lien on the common property, or of interest falling due on such debt, is entitled to reimbursement (contribution) from his cotenants to the extent to which he paid their shares of the indebtedness." Annot., 48 A.L.R.2d 1295, 1308 (1956).

See also Kaye v. Cooper Grocery Company, 63 N.M. 36, 43, 312 P.2d 798, 802 (1957); Gurule v. DeChacon, 61 N.M. 488, 303 P.2d 696 (1956); Chavez v. Chavez, 56 N.M. 393, 244 P.2d 781, 30 A.L.R.2d 1236 (1952); Smith v. Borradaile et al., 30 N.M. 62, 227 P. 602 (1924).

■■ It is also a general rule that the redemption or prevention from loss by one cotenant of common property by payment of an obligation or the purchase of an outstanding interest, which should be discharged or purchased proportionately by cotenants, inures to the benefit of the cotenants at their option, subject to the right of contribution. However, the option must be exercised within a reasonable time, and what is reasonable depends upon the circumstances in each case. Draper v. Sewell, 263 Ala. 250, 82 So.2d 303 (1955); Mandeville v. Solomon, 39 Cal. 125 (1870); Harrison v. Cole, 50 Colo. 470, 116 P. 1123 (1909); Scanlon v. Parish, 85 Conn. 379, 82 A. 969 (1912); Wilson v. Linder, 21 Idaho 576, 123 P. 487 (1912); Hill v. Coburn, 105 Me. 437, 451, 75 A. 67, 73 (1909); Lee v. Lee, 236 Miss. 260, 109 So.2d 870 (1959); Ridenour v. Duncan, 291 S.W.2d 900, 906–07 (Mo.1956); Smith v. Borradaile et al., supra; Frandson v. Casey, 73 N.W.2d 436, 446–47 (N.D.1955); Andersen v. Griffith, 71 Wyo. 136, 254 P.2d 1001 (1953); Berkan v. Brown, 242 So.2d 207 (Fla.App.1970); Succession of Caldwell, 147 So.2d 448 (La.App.1962); Atlantic Refining Company v. Golson, 127 So.2d 341 (La.App.1961). We do not applaud the failure of Christian to promptly assume his obligation to pay his one-fourth of the amount paid by Laura in protecting their common property, or in waiting until after it became apparent that the payment thereof would be profitable to him before offering payment. However, under all the circumstances of this case, not all of which appear or can reasonably be detailed in this opinion, we conclude that his election to contribute was timely.

■ We are also mindful of the fact that the legal title to a one-fourth interest in the property was vested and still vests in Christian, and that we have previously held that a constructive trust cannot be imposed in a quiet title suit. Otero et al. v. Toti, 33 N.M. 613, 273 P. 917 (1928). See also Alston v. Clinton, 73 N.M. 341, 388 P.2d 64 (1963) and Clark v. Primus, 62 N.M. 259, 308 P.2d 584 (1957), in which the holding in Otero was cited with approval.

The judgment of the district court should be reversed with instructions to enter a new judgment quieting title to a three-fourths interest in the property in Laura, establishing a one-fourth interest therein in Christian, subject to a lien thereon in favor of Laura to secure repayment to him of all amounts expended for the benefit of Christian, together with interest thereon from the date or dates of such expenditures to date of repayment by Christian, and, insofar as proper, granting Laura such other relief as is necessary to protect his right to contribution for all such expenditures and interest owing to him by Christian.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.