This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39459**

**ASHOK KAUSHAL,**

Petitioner-Appellant,

v.

**TAL REALTY, LLC,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Ferrance Law, P.C.
David A. Ferrance
Albuquerque, NM

for Appellant

Marrs Griebel Law Ltd.
Clinton W. Marrs
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Following the entry of a judgment foreclosing a mortgage, Petitioner purchased rights in the foreclosed property from heirs of the deceased mortgagor. Petitioner then sought, by way of this separate action, to participate in the Respondent's redemption of the foreclosed property by asserting the equitable right of contribution. [RP 1-4] Following an adverse judgment on the pleadings, Petitioner filed this appeal, which this Court assigned to its summary calendar, proposing to affirm because the right of contribution is derivative of the right to redeem and does not survive the expiration of the redemption period established by NMSA 1978, Section 39-5-18(A)(1) (2007). *See*

*also* NMSA 1978, § 39-5-19 (1965) (allowing the terms of a mortgage to "shorten the redemption period to not less than one month"). Petitioner has filed a memorandum in opposition to that proposed disposition, which we have considered. Unpersuaded, we affirm.

**{2}** Petitioner's memorandum does not address the derivative nature of the right to contribute. As our notice of proposed disposition pointed out, the equitable right of contribution arises solely to protect the statutorily granted right of redemption, meaning the former does not exist in the absence of the latter:

> Of course, prior to any party exercising the right of redemption, all cotenants have the same opportunity to redeem the property. *See . . .* § 39-5-18(A) . . . (describing parties who may redeem foreclosed property). Once any of them exercises that right, however, the rights of all others lie in equity, by way of contribution. In this sense, one cotenant's redemption "inure[s] to the benefit of the other cotenant, triggering the latter's right of contribution." [*Bankers Tr. Co. v.*] *Woodall*, 2006-NMCA-129, ¶ 9[, 140 N.M. 567, 144 P.3d 126]. In this way—contrary to Petitioner's argument below—the right of contribution is dependent upon the redemption right of the party attempting to contribute. If that party has no right to redeem, there is no right to contribute. [CN 3]

**{3}** Instead, Petitioner continues to rely upon *Laura v. Christian*, 1975-NMSC-037, 88 N.M. 127, 537 P.2d 1329, for the proposition that he was only required to assert his right of contribution within a "reasonable time." [MIO 3] As our notice pointed out, however, *Laura* was not a foreclosure case. [CN 4-5] Petitioner's continued reliance upon that case does not explain how this Court might somehow interpret a case in which no foreclosure occurred to have abolished, displaced, or otherwise affected the statutory deadline established by Section 39-5-18(A)(1). *See* § 39-5-18(A)(1); § 39-5-19. *Laura* simply cannot be read to supplant those statutory deadlines with a rule of "reasonableness."

**{4}** Because the present case involves a foreclosure sale, the redemption deadlines described in Sections 39-5-18(A)(1) and 39-5-19 are applicable. Petitioner's insistence that those statutory requirements do not apply to his assertion of the right to contribution simply overlooks the derivative nature of the right at issue. Once his right to redeem the foreclosed property in this case was terminated by the statutory deadline, Petitioner had no right to participate in that redemption, whether directly or by way of contribution.

**{5}** Petitioner also asserts that resolution of this appeal by way of a memorandum opinion is inappropriate. [MIO 13-14] In doing so, Petitioner argues that a formal opinion is necessary because "no published opinion states that the right to contribute disappears at the end of the redemption period." [MIO 4 n.2] We disagree. We have already explained the purpose, function, and operation of the equitable doctrine of contribution in the foreclosure context in a published case that, unlike *Laura*, involved a

foreclosure sale. *See Woodall*, 2006-NMCA-129, ¶ 9. Indeed, Petitioner repeatedly cites to *Woodall* in this appeal. [DS 2, 4, 5, 7, 9, 10; MIO 6, 10, 12-13]

**{6}** This Court's opinion in *Woodall* explained that when one of two cotenants exercises the statutory right of redemption, that redemption must "inure to the benefit of the other cotenant" and that the equitable right of contribution is the mechanism by which that mutual benefit is vindicated. *Id.* (citing *Laura*, 1975-NMSC-037, ¶ 8). In order to facilitate that vindication, we held that an existing cotenancy is not extinguished by a foreclosure sale and instead survives "until the time for redemption has passed." *Id.* We then applied that rule to the facts at issue, concluding that the defendants in *Woodall* had a right of contribution because their cotenancy relationship to the other parties and to the property at issue continued "through the foreclosure sale *until the period for redemption expires*." *Id.* ¶ 13 (emphasis added).

**{7}** Because *Woodall* already answers the question of whether the right to contribution survives the expiration of the statutory redemption period, we conclude that summary disposition is appropriate in this case on the basis that "the issues presented have been previously decided by the Supreme Court or Court of Appeals." Rule 12-405(B)(1) NMRA.

**{8}** We affirm the district court's judgment on the pleadings.

**{9} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**